■ JUVONAL FRIETAS, Respondent, v PHYLLIS FRIETAS, Appellant. — In an action, *inter alia,* for the partition of real property, defendant appeals from a judgment of the Supreme Court, Westchester County (Gurahian, J.), entered October 19, 1981, which, after a nonjury trial, was in favor of the plaintiff. Judgment affirmed, with costs. Defendant's claim of duress leading to the execution of the deed is difficult to credit. She had her own personal attorney prepare and assist her in the execution of the deed and the record indicates that, since plaintiff had contributed a significant amount of money to the household, there was a valid reason for executing the deed. Finally, defendant's claim of duress and disharmony between the parties before the deed was executed is gainsaid by the fact that the marriage lasted for approximately seven years after the deed was executed. Under all of the circumstances, it appears that the trial court correctly determined that there was no showing of duress sufficient to warrant the setting aside of the conveyance. Accordingly, we affirm the judgment appealed from. Mollen, P. J., Titone, Weinstein and Rubin, JJ., concur.

■ SANDRA HOLMES, Respondent, v EDWARD P. HOLMES, Appellant. — In a civil contempt proceeding pursuant to section 753 of the Judiciary Law and section 245 of the Domestic Relations Law, the appeal is from an order of the Supreme Court, Nassau County (Delin, J.), entered August 12, 1981, which found appellant guilty of contempt and directed that he be incarcerated for a period of 60 days to be served on .weekends. Order reversed, without costs or disbursements, and matter remitted to Special Term for a new hearing in accordance herewith. After Special Term denied appellant's request for assigned counsel, he was adjudged in contempt of court for willful and contumacious refusal to comply with a prior court order fixing his alimony and child support obligations. He argues that counsel should have been assigned to him despite the language of section 770 of the Judiciary Law, which authorizes such assignment in the court's discretion if the offender appears financially unable to obtain counsel. We do not construe that section as vesting discretion in the court's exercise of its fact-finding function to establish an offender's indigency; rather, the language of that section should be read as requiring the court to make a choice once indigency is found: either retain the power to punish the offender with a term of imprisonment by assigning counsel, or surrender that power by proceeding without assignment of counsel. "[N]o person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial" (*Argersinger v Hamlin,* 407 US 25, 37; see *Scott v Illinois,* 440 US 367; cf. *Lassiter v Department of Social Servs. of Durnham County,* 452 US 18). Although by finding appellant in contempt, Special Term necessarily found that he was not so indigent as to be unable to make even token payments toward prior court orders, the record discloses no attempt by the court to ascertain whether he had the wherewithal to retain private counsel. Given insufficient information for this court to make a determination of such indigency, and given the length of time that has elapsed since the order appealed from was made, this matter must be remitted to Special Term for a new hearing on the preliminary issue of appellant's application for assignment of counsel and on the main issue of the respondent's motion to have him adjudged in contempt of court (see *Matter of Jennings v Jennings,* 42 AD2d 568). O'Connor, J. P., Thompson, Niehoff and Rubin, JJ., concur.