■ In the Matter of JEAN WILLIAMS, Respondent, v ZERPHIL WILLIAMS, Appellant. — In a support proceeding pursuant to article 4 of the Family Court Act, the appeal is from an order of the Family Court, Kings County (Huttner, J.), dated March 22, 1982, which, *inter alia,* directed appellant to pay to petitioner $120 biweekly for her support, plus $10 biweekly on arrears of $2,005 under a prior support order, and on his first default, to post a $2,000 cash bond, or spend 30 days in jail. Order reversed, without costs or disbursements, and matter remitted to the Family Court for a hearing in accordance herewith. The instant proceeding was commenced pursuant to section 454 (subd 1, par [a]) of the Family Court Act which provides, *inter alia,* that if a respondent is "brought before the court for failure to obey any lawful order issued under this article" he or she may be committed to jail for a term not to exceed six months if, after a hearing, the "court is satisfied by competent proof that the respondent has failed to obey * * * such order [and] the failure was willful." In 1972 the United States Supreme Court held that an individual has a right to counsel in any proceeding in which incarceration is a possibility (*Argersinger v Hamlin,* 407 US 25). By statute enacted in 1975 and made effective January 1, 1976 (Family Ct Act, § 262, subd [a], par [vi], L 1975, ch 682, §§ 2, 14), the New York State Legislature effectuated the holding in *Argersinger,* by providing as follows: "§ 262. Assignment of counsel for indigent persons (a) Each of the persons described below in this subdivision has the

right to the assistance of counsel. When such person first appears in court, the judge shall advise such person before proceeding that he has the right to be represented by counsel of his own choosing, of his right to have an adjournment to confer with counsel, and of his right to have counsel assigned by the court in any case where he is financially unable to obtain the same: * * * (vi) any person in any proceeding before the court in which an order or other determination is being sought to hold such person in contempt of the court or in willful violation of a previous order of the court". In the proceeding at bar, the Family Court inquired of appellant as to whether he needed an attorney. However, the court erred, when, after receiving an affirmative response, it ignored his request for counsel, continued the hearing, and entered an order which contained the possibility of incarceration, without affording the appellant the opportunity to obtain an attorney, or have one assigned if necessary (*Matter of Jennings v Jennings,* 42 AD2d 568; *Rudd v Rudd,* 45 AD2d 22; *Matter of Garris v Garris,* 51 AD2d 627; *Matter of Kissel v Kissel,* 59 AD2d 1036; *Garrow v Garrow,* 61 AD2d 887). Moreover, in order to constitute a willful failure to obey an order of support, the ability to pay must be established. The mere fact of nonpayment is insufficient to establish willfulness (see *Matter of Burchett v Burchett,* 43 AD2d 970; *Matter of Jennings v Jennings, supra*). The presumption of sufficient means created by section 437 of the Family Court Act was rebutted in this case by the testimony of the appellant that he was not working and was unable to pay. In our opinion the record is inadequate to establish that the nonpayment of arrears under the prior support order resulted from willfulness rather than inability to pay (*Matter of Halleck v Hayden,* 47 AD2d 855; *Matter of Burchett v Burchett, supra*). Accordingly, the order appealed from is reversed and the matter remitted for a hearing at which the appellant may be represented by counsel and at which the question of ability to pay may be explored in depth. Damiani, J. P., Mangano, O'Connor and Brown, JJ., concur.