■ In the Matter of LENFORD DELL, Appellant, v CYNTHIA DELL, Respondent.—Order of the Family Court, Bronx County (Reginald S. Matthews, J.), entered November 12, 1986, which continued a previously entered order of support, and directed petitioner to pay $1,000 by December 2, 1986 or be jailed for 60 days, unanimously modified, on the law, on the facts, and in the exercise of discretion, to vacate that part of the order that directed petitioner to pay a certain sum by a certain date or be sentenced to jail for a period of time, and to remand for further proceedings at which petitioner is to be assigned counsel for all relevant purposes, and otherwise affirmed, without costs.

Petitioner, Lenford Dell, and the respondent, Cynthia Dell, are the divorced parents of a child born August 4, 1979, to whom custody was awarded to respondent. There have been extensive proceedings in Family Court concerning the petitioner's right of visitation and his obligation of support. As to the visitation aspect of these proceedings, petitioner has sought to regain the right to visit which was suspended after he was charged with disorderly conduct arising out of a visitation attempt, which charge was later dismissed. As to petitioner's support obligation, he has made multiple efforts to suspend that obligation alleging that he is unemployed and has been unable to secure employment. These efforts have been repeatedly rejected, apparently on the view that defendant is capable of working, together with some doubt as to the validity of his claims of inability to pay arising out of his ownership of a car.

At a hearing held September 10, 1986 concerned with enforcement of the support order, the Family Court Judge assigned counsel to petitioner. However, at the following hearing dated November 12, 1986, which resulted in the order appealed from, the Family Court Judge limited assigned counsel's function to representing petitioner with regard to visitation. This hearing resulted in an order continuing the prior order of support, and further ordering petitioner to pay $1,000 on December 2, 1986, representing part of the apparent arrears, or be jailed for 60 days.

It is not clear from the record why the Family Court Judge excluded assigned counsel from representing the petitioner with regard to his obligation of support. We appreciate that there may be an explanation for this apparently anomalous action that was not set forth in the record. However, under the circumstances presented, we think that assigned counsel should have been permitted to represent petitioner on sup-

port-related issues as well as with regard to his right to visitation, and that petitioner should not have to face the possibility of a jail sentence without representation by counsel. *(See,* Family Ct Act §§ 261, 262 [a].) Concur—Sandler, J. P., Carro, Milonas, Rosenberger and Wallach, JJ.