■ THERESA GIFFORD, Respondent, v GLENN GIFFORD, Appellant. [637 NYS2d 430] —In a matrimonial action in which the parties were divorced by judgment dated May 5, 1988, the defendant appeals from (1) an order of the Supreme Court, Nassau County (Robbins, J.), entered June 22, 1995, which granted the plaintiff's motion to hold him in contempt of court for failure to pay child support and denied his cross motion, *inter alia*, for a downward modification, and (2) an order of the same court, entered September 20, 1995, which directed that he be incarcerated in the county jail for 30 days or until he paid child support arrears of $16,200.

Ordered that the orders are reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for a hearing and a new determination in accordance herewith.

We agree with the defendant's contention that he was denied his right to counsel when he was not informed of his right to

the assistance of counsel on the return of the contempt application (*see, Matter of Kissel v Kissel*, 59 AD2d 1036). Additionally, the court should have conducted an inquiry to determine whether the defendant should have been appointed counsel as an indigent after he requested counsel at the commitment proceeding (*see, Matter of Williams v Williams*, 91 AD2d 1044).

The defendant was entitled to a hearing as to whether he was financially able to comply with the child support order since he asserted as a defense to the plaintiff's motion to hold him in contempt and in his cross motion that he did not have the means to pay support (*see*, Domestic Relations Law § 246; *Boritzer v Boritzer*, 137 AD2d 477; *Hough v Hough*, 125 AD2d 791).

We have reviewed the defendant's remaining contentions and find them to be without merit. O'Brien, J. P., Sullivan, Copertino and Joy, JJ., concur.