■ GAIL MARIE CLEMENS, Respondent, v TODD AUGUST CLEMENS, Appellant. [817 NYS2d 87]—

In a matrimonial action in which the parties were divorced by judgment dated October 19, 1993, the defendant former husband appeals from an order of the Supreme Court, Westchester County (Donovan, J.), dated December 10, 2004, which, in effect, resettled an order of the same court dated June 25, 2004, which, after a hearing, inter alia, granted the plaintiff former wife's motion to hold him in contempt for his failure to pay child support, directed entry of a money judgment against him for child support arrears, and directed that he pay the plaintiff former wife $50,000 within 10 days after service upon him of a copy of the order with notice of entry, to purge himself of his contempt.

Ordered that the order dated December 10, 2004 is reversed, on the law, with costs, the order dated June 25, 2004 is vacated, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings consistent herewith.

At the commencement of the contempt hearing the defendant, appearing pro se, asked for the assistance of assigned counsel on the ground that he was unemployed and had no income or assets. These contentions were not refuted. The Supreme Court denied the defendant's request for assigned counsel on the ground that "[t]he court will not, on the strength of the papers I have in this record, appoint an attorney for you." This was error. Under the facts presented at the hearing, the defendant set forth sufficient grounds for the assignment of counsel (*see* Judiciary Law § 770; *Holmes v Holmes,* 89 AD2d

921 [1982]; *see also* Family Ct Act § 262 [a] [vi]; *Matter of Dell v Dell,* 135 AD2d 475 [1987]). His application should not have been summarily denied based upon the purported insufficiency of his papers. Under these circumstances, upon remittitur, the appellant is also entitled to a new hearing on the plaintiff's motion.

Contrary to the appellant's contention, the plaintiff's mere commencement of a proceeding in the State of Connecticut to enforce prior New York orders awarding child support, did not divest the New York courts of jurisdiction over the matter, especially with respect to arrears accruing prior to commencement of the Connecticut proceeding (*see* Family Ct Act § 580-205 [c]; *Matter of Parenzan v Parenzan,* 285 AD2d 59, 66 [2001]). However, the defendant must be credited with any arrears paid to Connecticut authorities. The new determination with respect to arrears shall state how the amount owed was computed and describe any credits for payments.

Accordingly, we remit the matter to the Supreme Court, Westchester County, for reconsideration of the defendant's application for assigned counsel, and thereafter a new hearing and ruling on the plaintiff's motion. In light of this determination, we need not address the parties' remaining contentions. Florio, J.P., Crane, Mastro and Rivera, JJ., concur.