In the Matter of PETER SAMUEL, Respondent, v ABRIL SAMUEL, Appellant. [823 NYS2d 222]—

In a visitation proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Kings County (Grosvenor, J.), dated September 6, 2005, which granted the father's petition for visitation with the parties' children.

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Kings County, for further proceedings.

Family Court Act § 262 (a) grants a person in certain proceed-

ings the right to counsel. Under the statute, the Family Court must "advise such person before proceeding that he or she has the right to be represented by counsel of his or her own choosing, of [his] right to have an adjournment to confer with counsel, and of [his] right to have counsel assigned by the court in any case where he or she is financially unable to obtain the same." This provision applies to respondents in visitation proceedings (*see Matter of Wilson v Bennett,* 282 AD2d 933, 934 [2001]).

Here, the parties agree that, although the Family Court advised the mother that she had the right to counsel, it failed to tell her that she had the right to counsel of her own choosing, the right to an adjournment to confer with counsel, and the right to an assignment of counsel if she could not afford to retain counsel. The father argues, however, that the mother waived her right to counsel. We disagree.

The court's failure to advise the mother of her rights under the statute requires reversal (*see Matter of Hall v Ladson,* 28 AD3d 768, 768-769 [2006]; *Matter of Grayson v Fenton,* 8 AD3d 696 [2004]). A waiver is the "intentional relinquishment of a known right with both knowledge of its existence and an intention to relinquish it" (*Werking v Amity Estates,* 2 NY2d 43, 52 [1956], citing Whitney, Contracts, at 273 [4th ed 1946]; *see Gilbert Frank Corp. v Federal Ins. Co.,* 70 NY2d 966, 968 [1988]). The mother did not waive her right to counsel. The mother never explicitly waived that right (*see Matter of Miranda v Vasquez,* 14 AD3d 566 [2005]; *Matter of Alexander v Maharaj,* 299 AD2d 354, 355 [2002]). Further, nothing in the record shows that the mother knew of her rights to an adjournment or to have counsel assigned if she could not afford to retain counsel (*cf. Matter of F. Children,* 199 AD2d 81 [1993]). Additionally, Family Court Act § 262 (a) requires that the Family Court advise the party of his or her rights before the court proceeds. Here, the Family Court failed to do so.

The parties' remaining contentions are either without merit or based upon matter dehors the record. Adams, J.P., Goldstein, Mastro and Lifson, JJ., concur.