■ In the Matter of YOLANDA GREENE-TYUS, Respondent, v JOHN TYUS, Appellant. [878 NYS2d 79]—In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of commitment of the Family Court, Queens County (Buggs, J.), dated March 7, 2008, which, upon an order of the same court (Hickey, S.M.), also dated March 7, 2008, finding that he willfully violated a prior order of support, in effect, confirmed the finding of willfulness and committed him to the New York City Department of Corrections for a term of imprisonment of 90 days for nonpayment of child support unless he paid the sum of $30,000 for child support.

Ordered that the appeal from so much of the order of commitment as committed the father to the New York City Department of Corrections for a term of imprisonment of 90 days is dismissed as academic, without costs or disbursements, as the period of imprisonment has expired (*see Matter of Heinz v Faljean,* 57 AD3d 665 [2008]); and it is further,

Ordered that the order of commitment is affirmed insofar as reviewed, without costs or disbursements.

Contrary to the father's contention, the Family Court properly determined that he willfully violated the order of support. The mother demonstrated that the father failed to pay child support as ordered, and this constituted prima facie evidence of the father's willful violation of the order of support. The father failed to rebut this prima facie evidence of willfulness by offering competent, credible evidence of his inability to pay (*see Matter of Fraser v Green,* 57 AD3d 896 [2008]; *Matter of Heinz v Faljean,* 57 AD3d 665 [2008]; *Matter of Powers v Horner,* 12 AD3d 609 [2004]).

The father's contention that the court erred in dismissing his petition for a downward modification of his child support obligation is not properly before this Court (*see Matter of McDowell v Domenech,* 31 AD3d 554 [2006]). Mastro, J.P., Dillon, Leventhal and Chambers, JJ., concur.