■ In the Matter of DONNA M. BADER, Respondent, v DEAN C. HAZZIS, Appellant. [909 NYS2d 121]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals from (1) findings of fact of the Family Court, Nassau County (Watson, S.M.), dated October 23, 2009, made after a hearing, inter alia, finding that he willfully violated the support provisions of the parties' separation agreement, and (2) an order of commitment of the same court (Bennett, J.), dated February 5, 2010, which, upon confirming the findings of fact, committed him to the Nassau County Correctional Facility for a period of 90 days with the opportunity to purge his contempt by payment of the sum of $16,000 to the mother. By decision and order on motion dated March 11, 2010, this Court granted the father's motion to stay enforcement of the order dated February 5, 2010, pending hearing and determination of the appeal.

Ordered that the appeal from the findings of fact is dismissed, without costs or disbursements, as no appeal lies from findings of fact (see Family Ct Act § 1112; see also Schicchi v J.A. Green Constr. Corp., 100 AD2d 509 [1984]); and it is further,

Ordered that the order of commitment is reversed, without costs or disbursements, and the matter is remitted to the Family Court, Nassau County, for further proceedings in accordance herewith.

After a hearing held before a Support Magistrate, during which the father was represented by counsel, the father was found to be in willful violation of the support provisions of the parties' separation agreement. As a result of her findings, the Support Magistrate recommended 30 days' incarceration and referred the matter to a Family Court Judge for further proceedings.

During proceedings held before the Family Court Judge the same day, at which the father was again represented by counsel, the Family Court continued the matter to allow the father the opportunity to avoid incarceration by paying his arrears. At subsequent appearances before the Family Court, however, the father was not represented by counsel. At the final appearance before entry of an order of commitment, the father indicated that he did not have funds to retain counsel and expressed his desire for appointed counsel. Nevertheless, the Family Court did not make inquiry into the father's eligibility for appointed counsel, but instead proceeded directly to the question of whether the father had complied with agreements regarding his arrears and whether an order of commitment should be entered. At the conclusion of that proceeding, the Family Court confirmed

the Support Magistrate's finding of willfulness, and committed the father to the Nassau County Correctional Facility for a period of 90 days.

The evidence before the Support Magistrate, including the father's own admissions, established, prima facie, his willful violation of the support provisions of the parties' separation agreement (*see Matter of Powers v Powers*, 86 NY2d 63, 69-70 [1995]; *Matter of Probert v Probert*, 67 AD3d 806, 807 [2009]; *Matter of Greene-Tyus v Tyus*, 61 AD3d 758 [2009]; *Matter of Rosato v Rosato*, 21 AD3d 418 [2005]). This prima facie showing shifted the burden to the father to come forward with competent, credible evidence that his failure to pay support in accordance with the terms of the parties' separation agreement was not willful (*see Matter of Powers v Powers*, 86 NY2d at 69-70; *Matter of Probert v Probert*, 67 AD3d at 807; *Matter of Greene-Tyus v Tyus*, 61 AD3d at 758). Since the father failed to do so, the Family Court properly confirmed the Support Magistrate's finding that the father willfully violated the support provisions of the parties' separation agreement (*see Matter of Schlakman v Schlakman*, 66 AD3d 786, 787 [2009]; *Matter of Awwad v Awwad*, 62 AD3d 695 [2009]; *Matter of Solis v Marmolejos*, 50 AD3d 691, 692 [2008]; *Matter of Donato v Donato*, 43 AD3d 920, 921 [2007]; *Matter of Muselevichus v Muselevichus*, 40 AD3d 997, 998-999 [2007]; *Matter of Falk v Owen*, 29 AD3d 991, 991-992 [2006]; *Matter of Austein-Gillman v Gillman*, 292 AD2d 524 [2002]; *Matter of Doyle v Doyle*, 230 AD2d 795, 796 [1996]; *Matter of Ciostek v Ciostek*, 186 AD2d 1087 [1992]).

"A person who faces the possibility of imprisonment stemming from the willful violation of a previous order of the court has the right to the assistance of counsel" (*Matter of Scott v Scott*, 62 AD3d 714, 715 [2009]). Waiver of the right to counsel must be founded on an explicit and intentional relinquishment which is supported by knowledge and a clear understanding of the right (*see Matter of Samuel v Samuel*, 33 AD3d 1010, 1011 [2006]; *Matter of Williams v Williams*, 91 AD2d 1044, 1045 [1983]; *Matter of Brainard v Brainard*, 88 AD2d 996 [1982]; compare *Matter of Dorner v McCarroll*, 271 AD2d 530 [2000]). Where a party indicates an inability to retain private counsel, the court must make inquiry to determine whether the party is eligible for court-appointed counsel (*see Clemens v Clemens*, 29 AD3d 932 [2006]; *Gifford v Gifford*, 223 AD2d 669, 670 [1996]; *Matter of Williams v Williams*, 91 AD2d at 1045).

Here, the following colloquy took place at the outset of the final day of the continued proceedings before the Family Court:

"COURT: Mr. Hazzis, you have the right to an attorney. I see in the past you were represented by [counsel]. Do you have an attorney or are you waiving your right to counsel?

"FATHER: I don't have an attorney at this time. I can't afford one.

"COURT: Okay. Are you waiving your right to an attorney or are you asking that the Court assign one to you?

"FATHER: Well, if the Court could assign one to me, that would be great . . .

"COURT: How much do you earn?

"FATHER: Right now, I'm not earning anything."

Despite the father's clear request for counsel and his statements indicating that he might indeed be eligible for appointed counsel, the Family Court ignored the father's request and proceeded without further inquiry. Under the circumstances of this case, the order of commitment must be reversed and the matter remitted to the Family Court, Nassau County, for further proceedings. During those proceedings, the father is to be fully advised of his right to counsel, and his right to appointed counsel is to be adequately explored, with counsel to be provided if appropriate. The Family Court shall then make a new determination of the sanction to be imposed as a result of its confirmation of the Support Magistrate's finding of willful violation of the support provisions of the parties' separation agreement (*see Clemens v Clemens*, 29 AD3d at 932; *Gifford v Gifford*, 223 AD2d at 670; *Matter of Williams v Williams*, 91 AD2d at 1045).

In light of the foregoing, we need not reach the father's remaining contention. Fisher, J.P., Dillon, Florio and Lott, JJ., concur.