OPINION OF THE COURT
Robert A. Ross, J.
When fundamental rights such as the right to counsel in a matrimonial contempt proceeding are implicated (see Family Ct Act § 435 [a]; People v Spears, 64 NY2d 698 [1984]; Matter of Keenan v Keenan, 51 AD3d 1075, 1077 [2008]), the court is duty bound to make an inquiry whether the party is eligible for court-appointed counsel. (Gifford v Gifford, 223 AD2d 669 [1996]; Matter of Williams v Williams, 91 AD2d 1044, 1045 [1983].) But as part of this inquiry, it is axiomatic that a litigant is concomitantly obligated to provide complete information to the court as to his/her financial status, including an accurate sworn statement of net worth. (See Uniform Rules for Trial Cts [22 NYCRR] § 202.16; Domestic Relations Law § 236.) In this instance, the information regarding liquid assets reflecting sales of diamonds and other business-related income, together with the existence of other assets, was not reflected in defendant’s statement of net worth, and was only recently disclosed as part of a settlement entered in open court.
The expense of court-appointed counsel is borne by the public at large, and is wholly misspent when compensation for legal services is provided under circumstances where the litigant’s true and accurate financial status at the time of appointment is misstated or concealed.
Undermining the defendant’s representations here, were the resources that were available to him for purposes of settling a matrimonial matter — but not otherwise available or disclosed— when seeking assigned counsel from the court. There is a clear distinction between those who cannot pay legal fees, and require representation — and those who choose not to pay legal fees, and misstate their finances to secure representation without cost. Such a scenario erodes confidence in our court system, and is an affront to the bar, our courts, and the public at large.
“A person who faces the possibility of imprisonment stemming from the willful violation of a previous order of the court has the right to the assistance of counsel.” (Matter of Scott v Scott, 62 AD3d 714, 715 [2009].) Waiver of the right to counsel must be founded on an explicit and intentional relinquishment *446 which is supported by knowledge and a clear understanding of the right. (Matter of Samuel v Samuel, 33 AD3d 1010 [2006]; Matter of Brainard v Brainard, 88 AD2d 996 [1982].) The obligation of the court is to fully advise the party of his right to counsel, and the right to appointed counsel is to be adequately explored, “with counsel to be provided if appropriate.” (See Matter of Bader v Hazzis, 77 AD3d 742, 745.) Failure to appoint counsel, when warranted, is error. (See Matter of Bader v Hazzis, supra.)
When a party indicates an inability to retain private counsel, the court, as it did here, must make inquiry to determine whether the party is eligible for court-appointed counsel. (Clemens v Clemens, 29 AD3d 932 [2006].) Under the circumstances of defendant’s representations as to his financial circumstances, his net worth statement, and the previous contempt finding of the court (Zimmerman, J.), Robert Mangi, Esq. was appointed to represent him. (See Judiciary Law § 770; Holmes v Holmes, 89 AD2d 921 [1982]; Family Ct Act § 262 [a] [vi]; Matter of Dell v Dell, 135 AD2d 475 [1987].)
Upon the order transferring this matter to me for trial, a scheduling conference provided for (1) a determination of all outstanding motions; (2) a contempt hearing; and (3) a trial. Immediately prior to the commencement of the contempt hearing on March 11, 2011, the entire matter was settled with payment by defendant of approximately $45,000 in liquid assets to the plaintiff, as well as resolution of all ancillary issues.
The defendant, a diamond dealer/broker in the jewelry district of New York City, steadfastly maintained that he was earning approximately $10,000 per year; that his residence in Port Washington, New York was provided to him without cost by his parents; and that his business office was provided by an associate without cost in exchange for a percentage of referrals.
An integral component of the right to counsel is the availability of court-appointed counsel for those financially unable to hire an attorney. (Scott v Illinois, 440 US 367 [1979].) Such right is also provided under the New York State Constitution. (See NY Const, art I, § 6.) The statutory authority in New York implementing this right emphasizes that it is financial inability to retain counsel and not “indigency” which governs determination for eligibility. (County Law § 722; CPL 170.10 [3], [4]; 180.10 [3] [c]; 210.15 [2] [c].) Thus, eligibility requires an assessment of the individual’s financial ability to retain counsel. (County Law § 722.) The appointment of counsel is made in the *447 exercise of the court’s inherent power, and in the discharge of its constitutional and statutory duty. (See Gifford v Gifford, 223 AD2d 669 [1996].)
The court’s authority to vacate the previous order of appointment of counsel, may be predicated upon the misinformation provided, and “upon such terms as may be just” (see CPLR 5015 [a], [a] [3]; [d]).
Given the assets available to the defendant, and especially since the sources of those assets were not previously reflected in the statement of net worth relied upon by the court, a hearing shall be held before me on March 31, 2011 to determine (1) when the assets to fund the settlement were acquired by the defendant, (2) other resources and assets that still may be available to defendant, and (3) an appropriate method to assure and facilitate prompt compensation to his attorney, Robert Mangi. (See Rules of App Div, 2d Dept [22 NYCRR] § 691.16 [b]; CPLR 5015 [a] [3].)
The defendant shall be afforded an opportunity to amend his statement of net worth in proper form, pursuant to section 202.16 (b), if so advised, and shall file it with the Clerk, Part IAS 12, within 10 days prior to the hearing of this matter, as scheduled herein.
To avoid any further legal expense, the plaintiff shall not be required to attend the hearing ordered herewith.