# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

11
CAF 12-00962
PRESENT: SCUDDER, P.J., CENTRA, CARNI, LINDLEY, AND SCONIERS, JJ.

---

IN THE MATTER OF ALICIA A. WRIGHT,
PETITIONER-RESPONDENT,

V          MEMORANDUM AND ORDER

AMY E. WALKER, RESPONDENT-APPELLANT,
AND KEVIN NOLTEE, RESPONDENT.

---

SHIRLEY A. GORMAN, BROCKPORT, FOR RESPONDENT-APPELLANT.

TIFFANY M. SORGEN, ATTORNEY FOR THE CHILD, CANANDAIGUA, FOR ANESSA N.

---------------------------------------------------------------------------------------------------------

Appeal from an order of the Family Court, Ontario County (Stephen D. Aronson, A.J.), entered May 21, 2012 in a proceeding pursuant to Family Court Act article 6. The order granted the petition.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the matter is remitted to Family Court, Ontario County, for further proceedings in accordance with the following Memorandum: Respondent Amy E. Walker, the grandmother of the subject child, appeals from an order granting the petition of petitioner mother to modify an order of custody entered upon consent. That prior order, inter alia, awarded the grandmother, the mother, and respondent Kevin Noltee, the child's father, joint legal custody of the child and awarded the grandmother primary physical custody of the child. In her petition, the mother did not seek to modify custody but, rather, she sought only visitation with the child in the mother's own home. Family Court granted the petition, and this Court granted a stay of enforcement of that order pending appeal.

We agree with the grandmother that the court committed reversible error when it failed to advise her of her right to assigned counsel. Family Court Act § 262 (a) (iii) provides that the court must advise respondents "in any proceeding under part three of article six of this act" of their right to be represented by counsel of their own choosing, their right to an adjournment to confer with counsel, and their right to have counsel assigned by the court in any case where they are financially unable to obtain their own counsel. The Attorney for the Child (AFC) contends that, although the Second and Third Departments have held that respondents in visitation proceedings are entitled to assigned counsel (*see e.g. Matter of Samuel v Samuel*, 33 AD3d 1010, 1010-1011; *Matter of Wilson v Bennett*, 282 AD2d 933, 934), this Court has not adopted that position. Contrary to the contention

of the AFC, this Court has not squarely addressed the issue whether respondents in visitation proceedings are entitled to the benefit of section 262. We are compelled to do so now, and we concur in the result reached by the Second and Third Departments.

The statute expressly provides that respondents in "*any* proceeding under part three of article six of [the Family Court Act]" are entitled to assigned counsel and the court is mandated to advise them of that right (§ 262 [a] [iii] [emphasis added]). "Although Family Court Act article 6, part 3 is entitled 'custody,' the cited portion of the Family Court Act delineates the jurisdiction of Family Court, which expressly encompasses the right to determine visitation issues and/or modify prior visitation orders (*see*, Family Ct Act §§ 651, 652). Thus, although . . . the word 'visitation' does not appear anywhere in Family Court Act § 262, a proceeding to modify a prior order of visitation plainly is a proceeding under Family Court Act article 6, part 3 and, hence, falls within the purview of the assigned counsel statute" (*Wilson*, 282 AD2d at 934; *see Samuel*, 33 AD3d at 1010-1011; *Matter of Bernard UU. v Kelly VV.*, 28 AD3d 880, 881; *Matter of Grayson v Fenton*, 8 AD3d 696, 696).

We thus conclude that the grandmother, as a respondent in a proceeding under Family Court Act article six, part three, was entitled to be advised of her right to assigned counsel and to be provided with assigned counsel, if financially eligible. "The deprivation of a party's fundamental right to counsel in a custody or visitation proceeding requires reversal, without regard to the merits of the unrepresented party's position" (*Matter of Brown v Wood*, 38 AD3d 769, 770; *see Wilson*, 282 AD2d at 935; *see also Matter of Howard v Howard*, 85 AD3d 1587, 1588). We therefore reverse the order and remit the matter to Family Court for further proceedings on the petition.

In view of our determination, we do not reach the remaining issues raised by the grandmother.

Entered: February 1, 2013                              Frances E. Cafarell
                                                       Clerk of the Court