# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

768
CAF 11-01910
PRESENT: CENTRA, J.P., PERADOTTO, SCONIERS, VALENTINO, AND WHALEN, JJ.

---

IN THE MATTER OF PAMELA A. BROWN,
PETITIONER-RESPONDENT,

V                                        MEMORANDUM AND ORDER

RALPH PATTERSON, RESPONDENT-APPELLANT.
(APPEAL NO. 1.)

---

DAVID J. PAJAK, ALDEN, FOR RESPONDENT-APPELLANT.

SANDRA FISHER SWANSON, ATTORNEY FOR THE CHILDREN, AUGUSTA, GEORGIA.

---

Appeal from an order of the Family Court, Chautauqua County (Judith S. Claire, J.), entered July 20, 2011 in a proceeding pursuant to Family Court Act article 6. The order directed that respondent's visitation with the children shall be supervised.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, and the matter is remitted to Family Court, Chautauqua County, for further proceedings on the amended petition in accordance with the following Memorandum: We agree with respondent-appellant (respondent) in appeal Nos. 1 and 2 that Family Court erred in relieving his assigned counsel after the modification petition, which sought full legal custody of the three children at issue, was amended to seek only a modification of respondent's visitation (amended petition). While this appeal was pending, we held that respondents in visitation proceedings are entitled to assigned counsel (*see Matter of Wright v Walker*, 103 AD3d 1087, 1088, citing *Matter of Samuel v Samuel*, 33 AD3d 1010, 1010-1011; *Matter of Wilson v Bennett*, 282 AD2d 933, 934). We therefore reverse the orders in appeal Nos. 1 and 2, pursuant to which respondent was afforded only supervised visitation with his two biological sons, and only supervised visitation with his stepson, respectively, and we remit the matter in each appeal to Family Court for further proceedings on the amended petition. In view of our determination, we dismiss as academic respondent's appeal from the order in appeal No. 3, which denied respondent's subsequent motion to vacate the orders in appeal Nos. 1 and 2 (*see Carlson v Carlson*, 248 AD2d 1026, 1028).

Finally, respondent's contention with respect to the court's dismissal of his violation petition is not properly before us inasmuch as " '[n]o appeal lies from a mere decision' " (*Meenan v Meenan*, 103 AD3d 1277, 1278; *see Kuhn v Kuhn*, 129 AD2d 967, 967; *see also* CPLR

5512 [a]).

Entered:  July 5, 2013                          Frances E. Cafarell
                                                Clerk of the Court