■ In the Matter of JASON M. PUGH, Respondent, v JENNIFER PUGH, Appellant. [2 NYS3d 608]—

Appeal from an order of the Family Court, Queens County (Francine Seiden, Ct. Atty. Ref.), dated August 15, 2013. The order, after a hearing, granted the father's petition to modify a judgment of that court so as to permit him to relocate with the parties' children to Westchester County, and denied the mother's petition to modify the judgment so as to grant her custody of the children.

Ordered that the order is reversed, on the law and the facts, without costs or disbursements, and the matter is remitted to the Family Court, Queens County, for further proceedings in accordance herewith.

In these related proceedings pursuant to Family Court Act article 6, the father, who was granted custody of the parties' children in the parties' judgment of divorce, sought leave to relocate with the children from Queens County to Westchester County, and the mother petitioned to modify the judgment so as to grant her custody of the children. The Family Court properly advised the mother that she had the right to be represented by an attorney of her choosing, or, if she was eligible, an attorney would be appointed to represent her at no cost, or she could represent herself (*see* Family Ct Act § 262 [a]). The mother requested that the court determine whether she was eligible for assigned counsel. After a limited inquiry into the mother's annual income, which revealed that she was receiving $54,000 annually in disability payments, the court informed the mother that she was ineligible for assigned counsel. The mother stated that she wanted to retain counsel to represent her, and the matter was adjourned several times over the course of a year. At subsequent appearances the mother at various times informed the court that, while it was her intention to retain counsel, she needed to save money, take out a loan, or wait for her tax refund in order to do so.

At a March 8, 2013, appearance, the mother was informed that a hearing on the parties' petitions was scheduled to commence on July 1, 2013. The mother appeared without counsel on July 1, 2013, but informed the Family Court that she had secured a loan and had contacted an attorney who was review-

ing the case to determine whether she would represent the mother. The court refused to adjourn the matter any further, but permitted the mother to bring in any counsel that she retained during the pendency of the hearing. The mother proceeded pro se, and at the conclusion of the hearing the court granted the father's petition and denied the mother's petition.

Given the mother's statements indicating that she lacked the funds to retain private counsel, the Family Court should have inquired further into the mother's financial circumstances, including, but not limited to, inquiring about her expenses, to determine whether she was eligible for assigned counsel (*see Matter of Bader v Hazzis*, 77 AD3d 742 [2010]; *cf. Matter of Tavolacci v Garges*, 124 AD2d 734 [1986]).

Furthermore, "[w]aiver of the right to counsel must be founded on an explicit and intentional relinquishment which is supported by knowledge and a clear understanding of the right" (*Matter of Bader v Hazzis*, 77 AD3d at 744). "In order to determine whether a party is validly waiving the right to counsel, the court must conduct a searching inquiry of the party who wishes to waive that right and thus proceed pro se. While there is no rigid formula to be followed in such an inquiry, and the approach is flexible, the record must demonstrate that the party was aware of the dangers and disadvantages of proceeding without counsel" (*Matter of McGregor v Bacchus*, 54 AD3d 678, 679 [2008] [internal quotation marks and citations omitted]).

Here, the record is clear that the mother did not wish to proceed pro se, but was forced to do so in light of her alleged inability to retain counsel after numerous adjournments and a lengthy delay in the proceedings (*see Matter of Broome County Dept. of Social Servs. v Basa*, 56 AD3d 1092 [2008]). The deprivation of the mother's fundamental right to counsel requires reversal, without regard to the merits of her position (*see generally Matter of Brown v Wood*, 38 AD3d 769 [2007]), especially where, as here, the record demonstrates that the mother did not have a basic understanding of court proceedings (*see Matter of Cerquin v Visintin*, 118 AD3d 987 [2014]; *Matter of Otto v Otto*, 26 AD3d 498 [2006]).

Accordingly, we remit the matter to the Family Court, Queens County, for a new hearing. At that time, the Family Court, after advising the mother of her rights pursuant to Family Court Act § 262 (a), should conduct a more detailed inquiry to determine whether she is eligible for assigned counsel. Skelos, J.P., Hall, Sgroi and Hinds-Radix, JJ., concur.