■ In the Matter of CYNTHIA H. NIXON, Respondent, v RAYMOND CHRISTIAN, Appellant. [12 NYS3d 551]—

Appeal from an order of protection of the Family Court, Queens County (Dennis Lebwohl, J.), dated July 7, 2014. The order of protection directed Raymond Christian to stay away from Cynthia H. Nixon until and including July 6, 2016.

Ordered that the order of protection is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Queens County, for a new hearing and determination on the petition in accordance herewith, with all convenient speed; and it is further,

Ordered that the temporary order of protection dated May 5, 2014, is reinstated pending the new determination.

A party in a proceeding pursuant to Family Court Act article

8 has the right to be represented by counsel (*see* Family Ct Act § 262 [a] [ii]; *Matter of McGregor v Bacchus*, 54 AD3d 678 [2008]), but may waive that right provided that he or she does so knowingly, intelligently, and voluntarily (*see Matter of Cerquin v Visintin*, 118 AD3d 987, 988 [2014]; *Matter of Tumminello v Tumminello*, 82 AD3d 992, 993 [2011]; *Matter of Spencer v Spencer*, 77 AD3d 761 [2010]; *Matter of McGregor v Bacchus*, 54 AD3d at 678-679). To determine whether a party is validly waiving the statutory right to counsel, the Family Court must conduct a "searching inquiry" to ensure that the waiver is unequivocal, voluntary, and intelligent (*Matter of Jung [State Commn. on Jud. Conduct]*, 11 NY3d 365, 373 [2008] [internal quotation marks omitted]; *see Matter of Cerquin v Visintin*, 118 AD3d at 988; *Matter of Rosof v Mallory*, 88 AD3d 802 [2011]; *Matter of Spencer v Spencer*, 77 AD3d at 761-762; *Matter of McGregor v Bacchus*, 54 AD3d at 679; *see also Matter of Melissa H. v Shameer S.*, 100 AD3d 535 [2012]). A waiver is valid where the record reveals that the party was aware of the dangers and disadvantages of proceeding without counsel (*see Matter of Cerquin v Visintin*, 118 AD3d at 988; *Matter of Rosof v Mallory*, 88 AD3d at 802; *Matter of McGregor v Bacchus*, 54 AD3d at 679). The deprivation of a party's right to counsel, as guaranteed by Family Court Act § 262, requires reversal, without regard to the merits of the unrepresented party's position (*see Matter of Pugh v Pugh*, 125 AD3d 663 [2015]; *Matter of Cerquin v Visintin*, 118 AD3d at 988; *Matter of Savoca v Bellofatto*, 104 AD3d 695 [2013]; *Matter of Belmonte v Batista*, 102 AD3d 682, 683 [2013]; *Matter of Collier v Norman*, 69 AD3d 936, 937 [2010]).

Here, the record is clear that the appellant did not wish to proceed pro se, but was forced to do so in light of his alleged inability to produce the necessary paperwork in order to be assigned counsel (*see Matter of Pugh v Pugh*, 125 AD3d at 664; *Matter of Broome County Dept. of Social Servs. v Basa*, 56 AD3d 1092 [2008]). The deprivation of the appellant's fundamental right to counsel requires reversal, without regard to the merits of his position, especially where, as here, the record demonstrates that the appellant did not have a basic understanding of court proceedings (*see Matter of Pugh v Pugh*, 125 AD3d at 664; *Matter of Cerquin v Visintin*, 118 AD3d at 989; *Matter of Otto v Otto*, 26 AD3d 498 [2006]).

Accordingly, we remit the matter to the Family Court, Queens County, for a new hearing, where the appellant either appears with counsel, knowingly, intelligently, and voluntarily waives his right to counsel, or requests that counsel be as-

signed, if appropriate, and a new determination on the petition thereafter. Rivera, J.P., Dickerson, Cohen and Barros, JJ., concur.