■ In the Matter of ANTHIE B. PATRICIA HOWLETT, Appellant; JACK K., Respondent. [17 NYS3d 648]—In a guardianship proceeding pursuant to Mental Hygiene Law article 81, Patricia Howlett appeals from an order of the Supreme Court, Suffolk County (Leis III, J.), dated January 7, 2015, which, after a

hearing, granted the motion of Jack K. to hold her in criminal and civil contempt for failing to comply with an order of the same court dated May 7, 2014.

Ordered that the order dated January 7, 2015, is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings consistent herewith.

The Supreme Court erred in holding Patricia Howlett in criminal and civil contempt. There is no evidence in the record which would establish that the court informed Howlett of her right to the assistance of counsel in connection with the contempt proceedings (see Judiciary Law § 770; *Lundgren v Lundgren*, 127 AD3d 938, 941 [2015]; *Matter of Bader v Hazzis*, 77 AD3d 742 [2010]). Howlett must be fully advised of her right to counsel, and her right to appointed counsel must be adequately explored, with counsel to be provided if appropriate (see *Lundgren v Lundgren*, 127 AD3d at 941; *Matter of Bader v Hazzis*, 77 AD3d 742 [2010]). Accordingly, we must reverse the order dated January 7, 2015, and remit the matter to the Supreme Court, Suffolk County, for a new hearing and a new determination of the motion to hold Howlett in contempt. Dillon, J.P., Miller, Maltese and LaSalle, JJ., concur.