■ In the Matter of MARILYN SOTO, Respondent, v HULEN WILLIS II, Appellant. [38 NYS3d 250]—

Appeal from an order of the Family Court, Orange County (Carol S. Klein, J.), entered January 20, 2015. The order, after a hearing, granted the mother's petition to modify the custody and visitation provisions of the parties' judgment of divorce so as to award her sole legal custody of the subject child and to permit her to relocate with the subject child to Texas, and awarded certain visitation to the father.

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family

Court, Orange County, for a new hearing and a new determination of the petition thereafter in accordance herewith; and it is further,

Ordered that pending the new hearing and new determination of the petition, the provisions of the order entered January 20, 2015, regarding custody and visitation shall remain in effect.

The parties have one child together. They divorced in 2012. Pursuant to the judgment of divorce dated August 28, 2012, the parties were awarded joint legal custody of the child, with physical custody to the mother. The father was awarded visitation.

In May 2013, the mother filed a petition in the Family Court to modify the custody and visitation provisions of the judgment of divorce so as to award her sole legal and physical custody of the child and to permit her to relocate with the child to Texas. At the pretrial conferences at which the father appeared, he was without counsel. When informed by the court that he had a right to counsel, the father stated that he would like to have an attorney appointed.

Thereafter, on November 22, 2013, the Family Court received a letter from the Legal Aid Society of Orange County stating that it had been contacted by the father on October 15, 2013. The Legal Aid Society advised the court that the father did not qualify financially for its services. The Legal Aid Society did not specify whether the father had been so advised. Moreover, the face of the letter does not indicate that a copy was sent to the father.

During a conference held on February 28, 2014, the Family Court again advised the father of his right to counsel and, in response, the father informed the court that he would be using a Legal Aid attorney. The hearing on the petition commenced March 14, 2014. The father appeared pro se at the hearing. The court did not question the father about his decision to represent himself during the hearing.

In the order appealed from, which recited that it was entered "upon the consent of the parties and the approval of the Court," the Family Court, inter alia, granted the mother's petition to modify the judgment of divorce so as to award her sole legal custody of the child and to permit her to relocate with the child to Texas. The father appeals.

Although the order appealed from recites that it was entered on consent, under the particular facts and circumstances of this case, we are not precluded from reviewing whether the

Family Court secured a valid waiver of the father's right to counsel. The Family Court erred in allowing the father to proceed pro se. When the father expressed a desire to have an attorney appointed, the court should have inquired further into the father's financial circumstances, including, but not limited to, inquiring about his expenses (*see Matter of Pugh v Pugh*, 125 AD3d 663, 664 [2015]; *cf. Matter of Moiseeva v Sichkin*, 129 AD3d 974, 975 [2015]). Moreover, the court did not determine whether the father was unequivocally, voluntarily, and intelligently waiving his right to counsel (*see Matter of Tarnai v Buchbinder*, 132 AD3d 884, 886 [2015]; *Matter of Nixon v Christian*, 130 AD3d 831, 832 [2015]; *Matter of Pugh v Pugh*, 125 AD3d at 664). Despite the father's statements at pretrial appearances that he would like to have an attorney appointed, the court presided over the hearing without inquiring into why the father was appearing pro se, or whether he understood the risks and disadvantages of doing so.

Accordingly, we remit the matter to the Family Court, Orange County, for a new hearing. At that time, the Family Court, after advising the father of his rights pursuant to Family Court Act § 262 (a), should conduct a more detailed inquiry to determine whether he is eligible for assigned counsel. Pending the new hearing and determination of the petition, the provisions of the order entered January 20, 2015, regarding custody and visitation shall remain in effect. Leventhal, J.P., Hall, Austin and Barros, JJ., concur.