Matter of Leonardo v Meyers (2018 NY Slip Op 03979)





Matter of Leonardo v Meyers


2018 NY Slip Op 03979


Decided on June 6, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 6, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2017-01588
 (Docket Nos. V-561-10/15C/16D, V-562-10)

[*1]In the Matter of Patricia Leonardo, appellant, 
v
Glen Meyers, respondent. Jill M. Zuccardy, New York, NY, for appellant.


Seymour W. James, Jr., New York, NY (Dawne A. Mitchell, Amy Hausknecht, and Siri Kagan of counsel), attorney for the children.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the maternal grandmother appeals from an order of the Family Court, Richmond County (Peter F. DeLizzo, J.), dated January 10, 2017. The order, on the parties' consent, modified a prior order of the same court dated December 22, 2015, so as to reflect a new physical access arrangement.
ORDERED that the appeal from the order dated January 10, 2017, is dismissed, without costs or disbursements.
Pursuant to an order of the Family Court dated April 8, 2013, the subject children were residing with their maternal grandfather while their maternal grandmother had physical access. After several visits did not occur, the grandmother alleged a violation of the order. Following the grandmother's waiver of her right to counsel, the parties consented to a new physical access arrangement. The Family Court issued an order dated January 10, 2017, upon the consent of the parties, modifying a prior order dated December 22, 2015, so as to reflect the new physical access arrangement. The grandmother appeals from the order dated January 10, 2017, arguing, inter alia, that the court erred in accepting her waiver of her right to counsel.
Contrary to the grandmother's contention on appeal, under the circumstances of this case, there was a binding and effective waiver by her of the right to counsel (cf. Matter of Soto v Willis, 143 AD3d 728, 729-730). That being the case, the appeal from the order dated January 10, 2017, must be dismissed, as no appeal lies from an order entered upon the consent of the appealing party, since a party who consents to an order is not aggrieved thereby (see Matter of Nakas v Nakas, 159 AD3d 908; Elsayed v Edrees, 141 AD3d 503, 504).
RIVERA, J.P., DILLON, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court