Matter of Worsdale v Holowchak (2019 NY Slip Op 02104)





Matter of Worsdale v Holowchak


2019 NY Slip Op 02104


Decided on March 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2018-04066
 (Docket No. F-11209-13)

[*1]In the Matter of Christine Ann Worsdale, respondent,
v
Richard Peter Holowchak, appellant.


Kristina S. Heuser, Locust Valley, NY, for appellant.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of commitment of the Family Court, Nassau County (Ellen R. Greenberg, J.), dated February 22, 2018. The order of commitment, upon an order of the same court (Nadine J. Satterthwaite, S.M.), dated February 9, 2018, adjudging the father to be in willful violation of an order of the same court (Patricia Bannon, S.M.), dated November 23, 2016, and upon, in effect, the confirmation by the same court (Ellen R. Greenberg, J.), of the finding of willfulness, committed the father to the custody of the Nassau County Correctional Facility for a period of 90 days unless he paid a purge amount of $75,000.
ORDERED that the order of commitment is reversed, on the law, without costs or disbursements, the order dated February 9, 2018, is vacated, and the matter is remitted to the Family Court, Nassau County, for a new hearing and a new determination of the petition thereafter in accordance herewith.
The mother and the father were divorced in 2012. The mother was awarded sole legal and residential custody of the parties' children, and the father was ordered to pay $600 per week in child support. The mother later commenced contempt proceedings against the father for failing to pay child support. In an order dated November 23, 2016, a support magistrate ordered the father to pay $1,000 per week in child support: $600 for basic child support and $400 for arrears.
In January 2017, the mother again petitioned to hold the father in contempt, on the ground that he had willfully failed to comply with the November 23, 2016, order by not making any payments required by that order. Following a hearing at which the father appeared pro se, the Support Magistrate found that the father had willfully failed to pay his child support and that he had
not shown an inability to pay. Upon referral by the Support Magistrate, the Family Court, in effect, confirmed the finding of willfulness and committed the father to the custody of the Nassau County Correctional Facility for 90 days unless he purged himself of his contempt by paying $75,000 to the Nassau County Support Collection Unit. The father appeals from the order of commitment.
A respondent in a contempt proceeding before the Family Court "has the right to the assistance of counsel," including "the right to have counsel assigned by the court" if "he or she is financially unable to obtain the same" (Family Ct Act § 262[a]). "Where a party indicates an inability to retain private counsel, the court must make inquiry to determine whether the party is eligible for court-appointed counsel" (Matter of Bader v Hazzis, 77 AD3d 742, 744; see Matter of Soto v Willis, 143 AD3d 728, 730; Matter of Pugh v Pugh, 125 AD3d 663, 664). "The deprivation of [a parent's] fundamental right to counsel requires reversal, without regard to the merits of [his or] her position" (Matter of Pugh v Pugh, 125 AD3d at 664; see Matter of Soto v Willis, 143 AD3d at [*2]730).
We agree with the father's contention that he was deprived of his right to counsel. After the Support Magistrate adjourned the hearing for the express purpose of allowing the father to retain counsel, the father appeared at the next hearing date without counsel and informed the Support Magistrate that he could not afford to hire an attorney because he had lost his job following the last court date. The Support Magistrate should have inquired into the father's current financial circumstances, including his expenses, to determine whether he had become eligible for assigned counsel (see Carney v Carney, 160 AD3d 218, 226; Matter of Soto v Willis, 143 AD3d at 730; Matter of Pugh v Pugh, 125 AD3d at 664; Matter of Bader v Hazzis, 77 AD3d at 744). After the matter was referred to the Family Court, the court should have inquired into the father's financial circumstances, including his expenses, to determine whether he was eligible for assigned counsel in light of his contention that he could not afford to retain an attorney because he was unemployed (see Carney v Carney, 160 AD3d at 226; Matter of Soto v Willis, 143 AD3d at 730; Matter of Pugh v Pugh, 125 AD3d at 664; Matter of Bader v Hazzis, 77 AD3d at 744). Although the court later assigned the father an attorney, the court failed to provide the "attorney a reasonable opportunity to appear," as the court assigned the attorney midway through the final court appearance, after the fact-finding hearing had concluded, after the Support Magistrate had made its credibility and factual findings, and after the court had decided to incarcerate the father (Matter of Scott v Scott, 62 AD3d 714, 715; see Matter of DeMarco v Raftery, 242 AD2d 625, 626-627). Indeed, the court denied the assigned attorney's request for an adjournment (see Matter of Scott v Scott, 62 AD3d at 715).
Accordingly, we remit the matter to the Family Court, Nassau County, for a new hearing on the mother's contempt petition. At that time, the Family Court, after advising the father of his rights pursuant to Family Court Act § 262(a), should conduct a detailed inquiry to determine whether the father is eligible for assigned counsel.
In light of the foregoing, we need not address the father's remaining contentions.
DILLON, J.P., COHEN, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court