23rd Chelsea Associates LLC, Petitioner-Landlord-Respondent, 
against
Richard Stone, Respondent-Tenant-Appellant. 142



Tenant appeals from (1) so much of an order of the Civil Court of the City of New York, New York County (Laurie Marin, J.), entered on or about May 29, 2018, which found him in civil contempt in a holdover summary proceeding, and (2) an order (same court and Judge), entered on or about June 28, 2018, after a hearing, which awarded landlord attorneys' fees pursuant to Judiciary Law § 773 in the amount of $7,772.04.




Per Curiam.
Orders (Laurie Marin, J.), entered, respectively, on or about May 29, 2018 and June 28, 2018, reversed, without costs, the finding of contempt and the award of attorneys' fees vacated, and the matter remanded for further proceedings consistent herewith.
In this holdover summary proceeding, landlord moved to punish the pro se tenant in civil contempt for failing to comply with the provisions of a so-ordered stipulation of settlement which required him to withdraw his plenary action against landlord's managing agent, Andrew Golub, with prejudice, and his complaint with the Human Rights Commission. Civil Court granted the motion. In a subsequent order, Civil Court awarded landlord attorneys' fees pursuant to Judiciary Law § 773. Upon tenant's appeal, we reverse and remand for further proceedings.
A respondent in a civil contempt proceeding facing the possibility of the imposition of a term of incarceration, however short, is entitled to the assignment of counsel upon a finding of indigence (see Argersinger v Hamlin, 407 US 25 [1972]; Holmes v Holmes, 89 AD2d 921 [1982]). Here, the record is silent as to whether the pro se tenant, who was previously granted leave to proceed a poor person in this proceeding (see CPLR 1101), was, as he was entitled to be, advised of his right to counsel during the contempt proceeding (see Ullah v Entezari-Ullah, 40 AD3d 201, 206 [2007]). It is the court's responsibility to advise such a respondent of the right to counsel of his own choosing, or assigned counsel where appropriate, before the commencement of a hearing or other proceedings (see Hickland v Hickland, 56 AD2d 978, 980 [1977]; see also Matter of Gaudette v Gaudette, 263 AD2d 620, 621 [1999]). Thus, the matter should be remanded for a new hearing on the contempt motion and a determination as to whether tenant has [*2]his own counsel or qualifies for the appointment of assigned counsel thereat.
While the matter must go back for a new hearing and the appropriate determinations, we note that the record also presents an issue of a substantial nature as to whether tenant's signature on the stipulation was genuine. While Civil Court was bound under the law of the case doctrine to follow the ruling of Judge Avery with respect to the validity of the stipulation, we are not so bound (see Martin v City of Cohoes, 37 NY2d 162 [1975]). Thus, we also remand for resolution of this issue.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: June 06, 2019