Matter of Goodine v Evans (2020 NY Slip Op 02668)





Matter of Goodine v Evans


2020 NY Slip Op 02668


Decided on May 6, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 6, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
HECTOR D. LASALLE
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2019-05718
 (Docket No. F-11374-16/18C)

[*1]In the Matter of Dominique Goodine, respondent,
v
Charles B. Evans, appellant.


Jan Murphy, Huntington, NY, for appellant.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of commitment of the Family Court, Nassau County (Catherine Rizzo, J.), dated March 29, 2019. The order of commitment confirmed an order of the same court (Lisa M. Williams, S.M.) dated October 12, 2018, made after a hearing, finding that the father willfully violated a prior order of child support, and committed him to the custody of the Nassau County Correctional Facility for a term of 30 days unless he paid a certain purge amount.
ORDERED that the appeal from so much of the order of commitment as committed the father to the custody of the Nassau County Correctional Facility for a term of 30 days is dismissed, without costs or disbursements; and it is further,
ORDERED that the order of commitment is reversed insofar as reviewed, on the law, without costs or disbursements, the order dated October 12, 2018, finding that the father willfully violated a prior order of child support is vacated, and the matter is remitted to the Family Court, Nassau County, for a new hearing and a new determination of the petition thereafter in accordance herewith.
The parties, who were not married to each other, have one child together. The mother filed a petition seeking to enforce an order of child support (hereinafter the support order), alleging that the father willfully failed to obey the support order. At the initial appearance before a Support Magistrate on September 18, 2018, the father appeared pro se and requested assigned counsel. The matter was adjourned until October 12, 2018, for the father to retain private counsel. On October 12, 2018, the father failed to appear in court and the Support Magistrate immediately proceeded to an inquest. After the inquest, the Support Magistrate found the father to be in arrears in the amount of $17,928.76 and in willful violation of the support order, and, as a result, recommended a period of incarceration. In an order of commitment dated March 29, 2019, the Family Court confirmed the Support Magistrate's finding that the father had willfully violated the support order and committed the father to the Nassau County Correctional Facility for a term of 30 days unless he paid the purge amount of $10,000.
The appeal from so much of the order of commitment as committed the father to the custody of the Nassau County Correctional Facility for a term of 30 days must be dismissed as academic, as the period of incarceration has expired. However, in light of the enduring consequences which could flow from the determination that the father violated a prior order of child [*2]support, the appeal from so much of the order of commitment as confirmed the determination that the father was in willful violation of the support order is not academic (see Matter of Miller v DiPalma, 179 AD3d 696).
An individual has a constitutional right to counsel in any proceeding in which incarceration is a possibility (see Argersinger v Hamlin, 407 US 25, 37; Matter of Gallousis v Gallousis, 166 AD3d 972, 973). Family Court Act § 262(a)(vi) provides an express statutory right to counsel for any person in a proceeding "in which an order or other determination is being sought to hold such person . . . in willful violation of a previous order of the court." Family Court Act § 262(a) mandates that when such a person first appears in court, the judge must advise him or her that he or she has the right to be represented by counsel of his or her own choosing, the right to an adjournment to confer with counsel, and the right to have counsel assigned by the court if he or she is financially unable to retain counsel.
Here, when the father first appeared before the Support Magistrate on September 18, 2018, the Support Magistrate informed the father that if he was employed, he was ineligible for assigned counsel, and that he could either represent himself or the proceeding would be adjourned for him to hire private counsel. Although the father informed the Support Magistrate that he could not afford private counsel and requested the appointment of assigned counsel, the Support Magistrate repeated that he was not entitled to appointed counsel if he was working. The matter was adjourned to October 12, 2018, for a hearing, and no further advisement or inquiry was made by the court.
The Support Magistrate should have inquired further into the father's financial circumstances, including, but not limited to, inquiring about his expenses because the father expressed a desire to have an attorney appointed (see Matter of Soto v Willis, 143 AD3d 728, 730; Matter of Pugh v Pugh, 125 AD3d 663, 664). Where a party indicates an inability to retain private counsel, the court must make inquiry to determine whether the party is eligible for court-appointed counsel (see Bader v Hazzis, 77 AD3d 742, 744). Here, despite the father's statements at the pretrial appearance that he could not afford to hire private counsel and would like to have an attorney appointed, the Support Magistrate adjourned the matter for a hearing. Under these circumstances, the father was deprived of his right to counsel and reversal is required (see Matter of Gallousis v Gallousis, 166 AD3d at 974; Matter of Soto v Willis, 143 AD3d at 730; Matter of Pugh v Pugh, 125 AD3d at 664).
In light of our determination, we need not reach the father's remaining contentions.
RIVERA, J.P., LASALLE, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court