■ SHAYNE I. THOMAS, Respondent, v LEON J. THOMAS, Appellant.— Appeal, as limited by appellant's brief, from so much of an order of the Family Court, Orange County, dated October 31, 1974, as fixed the amount of child support payable by him at $35 per week, after a hearing. Order modified, on the facts and in the exercise of discretion, by reducing the amount of child support to $20 per week. As so modified, order affirmed insofar as appealed from, without costs. The Probation Department of the Family Court, Orange County, is directed to return to appellant the moneys it is holding in escrow pursuant to the order of this court entered January 20, 1975. Under the circumstances of this case, the award was excessive to the extent indicated herein. Rabin, Acting P. J., Hopkins, Martuscello, Christ and Brennan, JJ., concur.

(May 7, 1975)

■ EDWIN G. ROSS, Respondent, v REA EXPRESS, INC., et al., Appellants, et al., Defendant.—Order of the Supreme Court, Westchester County, dated October 5, 1972, affirmed, with $20 costs and disbursements (see AMF, Inc. v Algo Distrs., 48 AD2d 352). Latham, Acting P. J., Cohalan, Christ, Brennan and Munder, JJ., concur.

(May 12, 1975)

■ ALEON STUDIO et al., Appellants, v METROPOLITAN SAVINGS BANK et al., Respondents.—Order of the Supreme Court, Kings County, entered April 24, 1975, affirmed, without costs. Plaintiffs do not have standing to maintain their first and second causes of action. Rabin, Acting P. J., Cohalan, Brennan and Shapiro, JJ., concur.

■ ANNABELLE B. DILLARD, Respondent, v JAMES L. DILLARD, Appellant. —Appeal from two orders of the Family Court, Queens County, (1) the first, dated July 1, 1974, remanding appellant to Elmhurst General Hospital for examination, observation and report on July 11, 1974, and (2) the second, dated July 12, 1974, ordering appellant to pay support to petitioner through the court, in the amount of $25 per week, beginning July 19, 1974. Pursuant to CPLR 5520 (subd [c]), in the court's discretion and in the interests of justice, the notice of appeal, which is premature as to the order of July 12, 1974, is treated as a valid notice of appeal from both orders. Appeal from the order of July 1, 1974 dismissed, without costs. That order is not an order of disposition and, hence, is not appealable as of right (Family Ct. Act, § 1112). Order of June 12, 1974 reversed, without costs, and proceeding remanded to the Family Court for a new hearing. A new hearing is required as to the issue of support as the minutes of the hearing held on July 12, 1974 are unavailable. Hopkins, Acting P. J., Martuscello, Munder and Shapiro, JJ., concur.