■ In the Matter of KATHLEEN M. CLARK, Respondent, v MICHAEL J. CLARK, Appellant. [924 NYS2d 300]—

McCarthy, J. Appeals (1) from an order of the Family Court of Schenectady County (Ellis, S.M.), dated May 11, 2010, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to hold respondent in willful violation of a prior order of support, and (2) from an order of said court (Powers, J.), entered June 16, 2010, which ordered respondent to undergo a psychiatric evaluation.

A Support Magistrate granted petitioner's application to find respondent in willful violation of a prior order of support, recommended that he be incarcerated and referred the matter to Family Court for confirmation (see Family Ct Act § 439 [a]; see also § 454 [3]). When he appeared in court upon that referral, respondent raised his voice, persisted in attempting to make the court review a prior order and refused to stop speaking when directed to do so by the court, a court officer and his own attorney. The court ordered that respondent submit to a psychiatric evaluation and adjourned the proceeding. Respondent appeals from the Support Magistrate's order and Family Court's order requiring an evaluation.

A Support Magistrate's order finding a willful violation and recommending incarceration is not a final order and "shall have no force and effect until confirmed by a judge of the court" (Family Ct Act § 439 [a]). Hence, such an order is not appealable as of right (see Family Ct Act § 1112 [a]; Matter of Huard v Lugo, 81 AD3d 1265, 1266 [2011], lv denied 16 NY3d 710 [2011]; Matter of Dakin v Dakin, 75 AD3d 639, 640 [2010], lv dismissed 15 NY3d 905 [2010]; see also Anderson v Harris, 68 AD3d 472, 474 [2009]). Family Court's order that respondent submit to a psychiatric evaluation is similarly not a final order of disposition from which an appeal would lie as of right, and respondent has not sought leave to appeal (see Family Ct Act § 1112 [a]; Matter of Chang v Conway, 302 AD2d 459 [2003]; Matter of Francis M. v Anne M., 279 AD2d 279, 280 [2001]; Dillard v Dillard, 48 AD2d 666 [1975]; Firestone v Firestone, 44 AD2d 671, 672 [1974]). Accordingly, the appeals from both orders must be dismissed.

Spain, J.P., Lahtinen, Kavanagh and Garry, JJ., concur. Ordered that the appeals are dismissed, without costs.