In the Matter of KATHLEEN M. CLARK, Respondent, v MICHAEL J. CLARK, Appellant. [931 NYS2d 173]—

McCarthy, J.

Petitioner commenced this proceeding alleging that respondent willfully violated a December 2006 child support order requiring respondent to pay support for their two children. A Support Magistrate found respondent to be in willful violation, established arrears of $9,160.97, recommended that respondent be incarcerated and referred the matter to Family Court for confirmation (*see* Family Ct Act § 439 [a]). At the first appearance for confirmation, Family Court ordered that respondent submit to a psychiatric examination due to his erratic behavior in court (*Matter of Clark v Clark*, 85 AD3d 1350, 1350 [2011], *lv dismissed* 17 NY3d 846 [2011]).

At the appearance set for a hearing, Family Court noted that the hospital had released respondent the same day of the referral because the medical professionals apparently determined that respondent "did not pose a sufficient threat to himself or others but was nonetheless, psychotic." Respondent was not present in court. Respondent's counsel stated that his observations led him to believe that respondent was psychotic, he was incapable of participating in the proceedings and counsel was unable to get any meaningful information from respondent. A representative of the support collection unit reported that respondent had not made any payments in more than six months and had accumulated arrears of over $11,000. Petitioner, her counsel and respondent's counsel agreed that respondent had apparently lost his job after failing to return to work following a leave of absence. The court issued a warrant to have respondent produced so the court could impose a sanction.

When respondent was produced pursuant to the warrant, he insisted on making irrational arguments. Respondent acknowledged that he had not made support payments in compliance with the order. When the court asked if respondent was going to pay, he responded that he could not, that he was not working, and that he was on public assistance and disability. When the court noted that being on public assistance did not prevent respondent from working, respondent stated that he was prevented from working because the prior judgment took too much of his pay and he could not fix his car when it broke down. Family Court then found respondent in willful violation, committed him to jail for 90 days and set a purge amount of $5,000. Respondent appeals.

Respondent was not denied the effective assistance of counsel. Although counsel stated that respondent was psychotic and that his arguments were irrational, these comments were not made merely to disparage respondent or impede his legal position. Counsel was attempting to explain to Family Court why respondent was not present in court and that he was incapable of participating in the proceedings. Rather than harming respondent, counsel's comments could support a defense that respondent's mental disabilities rendered his failure to pay support nonwillful (cf. Matter of Travell v Travell, 33 AD3d 1169, 1171 [2006]).

Family Court did not err in punishing respondent for willfully violating the order of support. Proof that respondent failed to pay the ordered child support for more than six months constituted prima facie evidence of a willful violation (see Family Ct Act § 454 [3] [a]; Matter of Madison County Commr. of Social

*Servs. v Felker*, 80 AD3d 1107, 1107-1108 [2011]). The burden then shifted to respondent to present competent evidence of his inability to pay (*see Matter of Madison County Commr. of Social Servs. v Felker*, 80 AD3d at 1108; *Matter of St. Lawrence County Support Collection Unit v Cook*, 57 AD3d 1258, 1259 [2008], *lvs denied* 12 NY3d 707 [2009]). As respondent did not appear for the hearing, he could not personally present any testimony. While respondent's counsel agreed with petitioner that respondent had apparently lost his job, this statement was hearsay and, even if true, unemployment alone does not establish inability to pay. At the next appearance, set for Family Court to impose a sanction for the violation, respondent did not provide a valid reason for his absence at the hearing and acknowledged that he had not paid the ordered support or filed a petition for a downward modification of support. Therefore, the court did not err in finding that respondent willfully violated the order of support.

Mercure, J.P., Malone Jr., Kavanagh and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.