■ In the Matter of COMMISSIONER OF SOCIAL SERVICES, on Behalf of QUANISHA NOBLES, Respondent, v MARCELL DOCKERY, Appellant. [945 NYS2d 808]—

Kavanagh, J. Appeal from an order of the Family Court of Albany County (M. Walsh, J.), entered May 18, 2011, which, in a proceeding pursuant to Family Ct Act article 4, committed respondent to jail for 90 days.

In June 2010, petitioner filed a petition alleging that respondent had repeatedly failed to comply with a court order directing that he pay $26 each week in child support. A hearing was ordered and, after respondent failed to appear, the Support Magistrate (Meyer, S.M.) found that he had willfully violated the support order, owed $3,016 in arrears, and recommended that respondent either be incarcerated for 90 days in the Albany County jail or be compelled to participate in the Sheriff's Department's work alternative program. The Support Magistrate forwarded these findings and recommendations to Family Court for confirmation (*see* Family Ct Act § 439 [a]).

Family Court, after receiving this report from the Support Magistrate, gave respondent numerous opportunities to satisfy his child support obligation and directed that he participate in the work alternative program. When respondent was not accepted into that program, the court, without declaring that it confirmed the Support Magistrate's findings and adopted its recommendations, issued an order committing respondent to the county jail for 90 days for willfully failing to pay child support. Respondent now appeals from that order.

*ter of City of New York [Grand Lafayette Props. LLC]*, 6 NY3d at 549), and we do not address the merits of that issue in this appeal.

"A determination by a support magistrate that a person is in willful violation of an order under [Family Ct Act § 454 (3)] and that recommends commitment shall be transmitted to the parties, accompanied by findings of fact, but the determination shall have no force and effect until confirmed by a judge of the court" (Family Ct Act § 439 [a]; *see Matter of Clark v Clark*, 85 AD3d 1350, 1350 [2011], *lvs dismissed* 17 NY3d 846 [2011], 18 NY3d 918 [2012]). Here, the Support Magistrate's finding that respondent was in willful violation of the court order mandating that he pay child support was never formally confirmed by Family Court. While Family Court's order committing respondent to the county jail carries with it the implication that it agreed with the Support Magistrate's finding that respondent had willfully violated the order to pay child support (*see Matter of Ceballos v Castillo*, 85 AD3d 1161, 1163 [2011]), it never confirmed that finding or the Support Magistrate's recommendations. Formal confirmation by Family Court of such findings are an essential and integral part of this process and must occur before an individual in such a circumstance can be incarcerated for failing to pay child support (*see Matter of Clark v Clark*, 85 AD3d at 1350; *Matter of Huard v Lugo*, 81 AD3d 1265, 1266 [2011], *lv denied* 16 NY3d 710 [2011]). As a result, Family Court's order committing respondent to the county jail was not based upon a confirmed finding of a willful violation, and it must be reversed.

Peters, P.J., Lahtinen, Spain and McCarthy, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Albany County for further proceedings not inconsistent with this Court's decision.