In the Matter of KATHLEEN M. CLARK, Respondent, v MICHAEL CLARK, Appellant. [956 NYS2d 645]—

Mercure, J.P.

The matter proceeded to trial, during which respondent stated again that he had unsuccessfully requested counsel from Fulton County. The Support Magistrate asked whether respondent was prepared to go forward without counsel, and respondent stated that he could represent himself and that he understood the law. The Support Magistrate found that petitioner met her burden of establishing the nonpayment of support and that respondent

had failed to offer any proof that the nonpayment was not willful, and issued judgment in favor of petitioner. Family Court confirmed the willful violation finding and sentenced respondent to six months in jail, with the sentence suspended.[1]

Upon respondent's appeal, we conclude that the Support Magistrate erred in allowing respondent to represent himself and, therefore, reverse. In any proceeding in which a person is sought to be held in contempt for the willful violation of a previous court order, he or she has a right to the assistance of counsel (*see* Family Ct Act §§ 261, 262 [a] [vi]; *Matter of Sutton-Murley v O'Connor*, 61 AD3d 1054, 1054 [2009]; *Matter of Keenan v Keenan*, 51 AD3d 1075, 1077 [2008]). Waiver of that right must be explicit and intentional, and the court must assure that it is made knowingly, intelligently and voluntarily (*see Matter of Bader v Hazzis*, 77 AD3d 742, 744 [2010]; *Matter of Mitchell WW. [Andrew WW.]*, 74 AD3d 1409, 1410-1411 [2010]; *Matter of Broome County Dept. of Social Servs. v Basa*, 56 AD3d 1092, 1093 [2008]). This requires that the trial court perform a "searching inquiry" to determine whether a party is "aware of the dangers and disadvantages of proceeding without counsel" (*Matter of Casey N.*, 59 AD3d 625, 627 [2009], *lvs denied* 12 NY3d 710, 711 [2009] [internal quotation marks and citations omitted]; *see Matter of Kathleen K. [Steven K.]*, 17 NY3d 380, 385-386 [2011]), which might include inquiry into the party's " 'age, education, occupation, previous exposure to legal procedures and other relevant factors bearing on a competent, intelligent, voluntary waiver' " (*Matter of Casey N.*, 59 AD3d at 627-628, quoting *People v Smith*, 92 NY2d 516, 520 [1998]).

Here, respondent's decision to proceed without counsel was equivocal (*see Matter of Kathleen K. [Steven K.]*, 17 NY3d at 386-387). He emphasized that he had unsuccessfully sought assigned counsel from Fulton County, and agreed to represent himself only as an alternative to being represented by an attorney from Schenectady County. Notably, because all parties agreed that there was a conflict stemming from respondent's allegations of prior ineffective assistance, there was no bar to the Support Magistrate appointing substitute counsel (*cf. Matter of Mooney v Mooney*, 243 AD2d 840, 841 [1997]). Moreover, the Support Magistrate made virtually no inquiry into whether respondent understood the disadvantages of proceeding without counsel. Indeed, the Support Magistrate should have been on notice from the outset that respondent's representation of

---

1. We note that, while Family Court confirmed the finding of willful violation during the hearing, it is the better practice to include said confirmation in a written order.

himself was likely to be ineffective, given respondent's repeated attempts to raise issues that were not germane, leading the Support Magistrate to comment that respondent's arguments made "no sense whatsoever."[2]

In our view, the record demonstrates that respondent failed to understand the nature of the proceeding against him, leading him to argue issues that bore no relevance to the willful violation determination, and present no evidence. Inasmuch as it cannot be said that respondent's waiver of his right to counsel was made knowingly and intelligently, the order must be reversed and the matter remitted for a new hearing (*see Matter of Broome County Dept. of Social Servs. v Basa*, 56 AD3d at 1093-1094; *Matter of Broome County Dept. of Social Servs. v Mitchell*, 46 AD3d 1034, 1034-1035 [2007]).

Rose, Kavanagh, Stein and Egan Jr., JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Schenectady County for further proceedings not inconsistent with this Court's decision.

2. In a June 2010 Family Court proceeding, respondent was ordered to submit to a psychiatric examination due to his erratic behavior in court (*Matter of Clark v Clark*, 88 AD3d 1095, 1095 [2011], *lv denied* 18 NY3d 803 [2012], *lv dismissed* 18 NY3d 918 [2012]; *Matter of Clark v Clark*, 85 AD3d 1350, 1350 [2011], *lvs dismissed* 17 NY3d 846 [2011], 18 NY3d 918 [2012]). As a result, respondent was determined to be "psychotic," and his counsel stated that respondent was incapable of participating in the proceedings (*Matter of Clark v Clark*, 88 AD3d at 1096).