■ In the Matter of MADISON COUNTY SUPPORT COLLECTION UNIT, on Behalf of TAMMY MAHADY, Petitioner, v JOHN W. FEKETA, Appellant. [977 NYS2d 434]—

McCarthy, J. Appeal from an order of the Family Court of Madison County (McDermott, J.), entered October 31, 2012, which, in a proceeding pursuant to Family Ct Act article 4, committed respondent to jail for 150 days.

In February 2011, the parties stipulated to an order confirming the Support Magistrate's finding that respondent was in willful violation of his child support obligation. Family Court determined that such willful violation constituted contempt of court, but suspended any punishment until April 2011 to permit

respondent to purge the contempt. After respondent failed to do so, petitioner moved to vacate the suspended judgment and have the court impose a penalty for respondent's contempt. In October 2012, respondent appeared by telephone from a correctional facility, waived his right to counsel and admitted that he had not paid the arrears or newly-accrued support payments. Family Court found that respondent had not purged his contempt and imposed a sentence of 150 days in jail, to be served after his release from incarceration on an unrelated criminal matter.[1] Respondent appeals.

Initially, to the extent that respondent challenges the finding of a willful violation, that issue is not properly before us as he did not use the proper method to challenge the February 2011 order establishing the willful violation, i.e., a motion to vacate that consent order (*see Matter of Connor CC. [Jennifer DD.]*, 99 AD3d 1127, 1127 [2012]). Nevertheless, because respondent was deprived of the right to counsel, we reverse. A person who is facing a contempt allegation for willful nonpayment of support, and could potentially be incarcerated for violation of a prior order, has the right to assistance of counsel (*see* Family Ct Act § 262 [a] [vi]; *Matter of Sutton-Murley v O'Connor*, 61 AD3d 1054, 1054 [2009]). A waiver of the right to counsel "must be explicit and intentional, and the court must assure that it is made knowingly, intelligently and voluntarily" (*Matter of Clark v Clark*, 101 AD3d 1394, 1395 [2012]).

At the October 2012 hearing, Family Court advised respondent of his right to counsel, to assignment of counsel and to an adjournment to consult with counsel. Respondent initially said that he wanted to apply for assigned counsel, but then asked how the process would work if he did not have counsel. The court stated that the matter would proceed, and that the question was whether he challenged his failure to pay the arrears. Respondent then stated that he did not pay the arrears, prompting the court to respond that the only question was how much jail time would be imposed. Respondent then stated that there was no need to waste more time and asked if he could continue without counsel. The court said, "You can if you want to," and respondent said that he wanted to. The court asked respondent three times if he was sure that he wanted to go forward without counsel, and he answered affirmatively. During the ensuing discussion of how much jail time would be appropriate, respondent raised paternity issues, his inability to purge contempt while he was incarcerated and what would happen if he could

<hr>

1.  This Court granted respondent a stay of Family Court's sentence pending appeal.

not pay the arrears after serving his jail time. Each time, the court informed him that those issues were not presently before the court, and that the court could not give legal advice so he would need to speak to counsel about those issues. After the court imposed sentence, respondent told the court to send him the forms to apply for assigned counsel, leading the court to respond that it was too late because he had already waived counsel and been sentenced.

Family Court never conducted a searching inquiry to determine whether respondent understood the court process and was aware of the dangers of proceeding without counsel (*see Matter of Clark v Clark*, 101 AD3d at 1395-1396; *Matter of Broome County Dept. of Social Servs. v Basa*, 56 AD3d 1092, 1093 [2008]). Such an inquiry typically includes consideration of factors including the party's age, education, occupation and work history, prior experience in the legal system and any other factors that may bear on the validity of a waiver (*see Matter of Clark v Clark*, 101 AD3d at 1395; *see also People v Crampe*, 17 NY3d 469, 482 [2011]; *Matter of Kathleen K. [Steven K.]*, 17 NY3d 380, 385-386 [2011]). Here, the court did not ask respondent a single question about any of these factors.[2] Respondent asked several questions indicating that he did not understand the nature or parameters of the proceeding, including raising several issues that Family Court noted were not properly before the court at that time (*see Matter of Clark v Clark*, 101 AD3d at 1395-1396). The court, however, despite apparently having already determined that respondent had waived the right to counsel, merely stated that respondent would need to discuss those matters with counsel. Additionally, while the main question was whether respondent had paid the arrears, counsel could have made arguments concerning why respondent had not made payments and his circumstances in mitigation or in support of a lesser penalty. The court's explanation of the issue was oversimplified and, therefore, misleading. As respondent did not knowingly and intelligently waive his right to counsel, and the court did not assure itself of the propriety of respondent's waiver, we reverse and remit for a new hearing.

Respondent's remaining contentions are academic in light of our reversal. Stein and Spain, JJ., concur.

Lahtinen, J.P. (dissenting). Respectfully, we dissent and would affirm. When determining whether an individual entitled to

2. Although respondent also appeared without counsel at the February 2011 appearance, Family Court merely noted that fact and proceeded. The court did not ask any questions concerning these factors or obtain a waiver of the right to counsel at that time.

counsel has knowingly, voluntarily and intelligently waived that important right, the whole record is considered and reviewing courts "have consistently refrained from creating a catechism for this inquiry, recognizing that it may occur in a nonformalistic, flexible manner" (*People v Providence*, 2 NY3d 579, 580 [2004] [internal quotation marks and citation omitted]; *see Matter of Mitchell WW. [Andrew WW.]*, 74 AD3d 1409, 1411 [2010]). Respondent faced civil contempt for failing to pay child support. By the time the decision in the order on appeal was rendered in October 2012, respondent had made five prior appearances in Family Court on this matter, as well as being convicted during such time of an unrelated criminal matter. He was neither a novice to the justice system nor lacking in familiarity to Family Court.

Family Court informed him at appearances in August 2010, December 2010 and March 2011 of his right to counsel, including the appointment of counsel if he could not afford one. He was also repeatedly informed that he faced up to six months in jail. The multiple adjournments resulted, in part, from respondent's representation to Family Court that his contracting business was about to get paid, had received post-dated checks or was about to land "a big job." In February 2011, respondent stipulated to an order finding him in contempt, with two months to purge the contempt (which Family Court later extended into the summer of 2011). The stipulated order provided that if he failed to purge himself, the matter would be scheduled for "imposition of a sentence." No motion was made to vacate the stipulation nor was an appeal taken from the February 2011 order. However, respondent made no additional child support payments, eventually resulting in the subject October 2012 hearing regarding a penalty.

During the course of the colloquy at the October 2012 hearing, Family Court repeatedly informed respondent of his right to counsel. The court told him that the matter would be adjourned if he wanted counsel and that counsel would be appointed if he could not afford one. Respondent was informed in detail of the nature of the proceeding and the fact that he could be sentenced to up to six months in jail. His questions were addressed and answered by the court. He indicated early in the colloquy that he wanted the forms for assignment of counsel, but later unequivocally stated that he wanted to proceed without counsel. Thereafter, Family Court inquired three more times and received an affirmative response each time as to whether he was sure he wanted to proceed without counsel, including after again telling him that he could get up to six

months in jail and immediately before imposing the 150-day sentence (which also permitted him to purge himself at any time before completing his sentence by paying the child support he owed). Respondent—an adult who purportedly ran his own business—had considerable recent experience in both criminal and civil legal matters where he was entitled to counsel, he had repeatedly been informed of that right in this matter, and he waived it in front of a judge before whom he had appeared many times and who had told him several times of the potential consequences he faced for his admitted civil contempt. The totality of circumstances set forth in the whole record sufficiently reveal a knowing, intelligent and voluntary waiver of the right to counsel (*see e.g. People v Providence*, 2 NY3d at 583; *Matter of Bauer v Bost*, 298 AD2d 648, 650 [2002]). Egan Jr., J., concurs. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Madison County for further proceedings not inconsistent with this Court's decision.