In the Matter of AMANDA T., Respondent, v ERICK Z., Appellant. [34 NYS3d 25]—

Order, Family Court, New York County (Adetokunbo O. Fasanya, J.), entered on or about September 2, 2015, which denied respondent father's objections to orders of a support magistrate, unanimously affirmed, without costs.

Family Court properly denied as untimely and unpreserved respondent's objections to the Support Magistrate's November 25, 2014 support order entered upon his default and the January 21, 2015 order denying his motion to vacate the support order (Family Ct Act § 439 [e]; *Matter of DeVries v DeVries*, 87 AD3d 1139, 1140 [2d Dept 2011]; *Matter of Redmond v Easy*, 18 AD3d 283, 283-284 [1st Dept 2005]).

Family Court also properly denied respondent's objections to the Support Magistrate's May 20, 2015 order, which dismissed respondent's petition for a downward modification of the November 25, 2014 order of support and reinstated that order in the amount of $168 per week. Respondent failed to demonstrate a substantial change in circumstances warranting a downward modification, since he did not submit a financial disclosure affidavit, a job search diary, or any evidence of his income (*see* Family Ct Act §§ 424-a, 451 [3]; *see Matter of Baumgardner v Baumgardner*, 126 AD3d 895, 896-897 [2d Dept 2015]; *see also Matter of Sheenagh O'R. v Sean F.*, 50 AD3d 480, 481 [1st Dept 2008]). Further, respondent failed to comply with the Support Magistrate's directive to attend the Support Through Employment Program (STEP), and his attendance at a commercial driving school did not constitute sufficient evidence of a job search (*see Matter of Ceballos v Castillo*, 85 AD3d 1161, 1162-1163 [2d Dept 2011]).

The Support Magistrate properly declined to consider a medical letter submitted by respondent; the letter was not notarized and indicated no diagnosis, prognosis, or any indication as to whether respondent was able to work or look for work (*see e.g. Matter of Bronstein-Becher v Becher*, 25 AD3d 796, 797 [2d

Dept 2006]; *see also Matter of Karagiannis v Karagiannis*, 73 AD3d 1064, 1065, 1066 [2d Dept 2010]). Concur—Acosta, J.P., Renwick, Saxe, Richter and Gische, JJ.