Matter of Hensley v DeMun (2018 NY Slip Op 04995)





Matter of Hensley v DeMun


2018 NY Slip Op 04995


Decided on July 5, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 5, 2018

524948

[*1]In the Matter of REBECCA A. HENSLEY, Respondent,
v
AARON S. DeMUN, Appellant. (And Other Related Proceedings.)

Calendar Date: June 7, 2018

Before: Garry, P.J., McCarthy, Lynch, Devine and Mulvey, JJ.


Larisa Obolensky, Delhi, for appellant.
Lisa A Natoli, Norwich, for respondent.
Carman M. Garufi, Binghamton, attorney for the child.



MEMORANDUM AND ORDER
McCarthy, J.
Appeal from an order of the Supreme Court (Dowd, J.), entered April 28, 2017 in Chenango County, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) have one mutual child (born in 2012). In November 2014, the parties stipulated to an order awarding joint custody, with primary physical custody to the mother and visitation to the father. In January 2016, after the mother commenced a proceeding to modify the earlier custody order, the parties stipulated to a new order continuing the same custody and visitation arrangement, but directing the father to, among other things, "immediately engage in [p]reventative [s]ervices through the Chenango County Department of Social Services" (hereinafter DSS), participate in a mental health evaluation and "sign releases for the benefit of the [mother] to ensure compliance." Less than one month later, the mother commenced the instant violation proceeding to hold the father in contempt for violating the January 2016 order. After the parties' initial appearance and the first day of a hearing, the mother filed a modification petition seeking sole custody of the child. Following a joint hearing on both petitions, Supreme Court held that the father had violated the [*2]January 2016 order, but that his conduct was not willful, and awarded the mother sole custody of the child with visitation to the father. The father now appeals.
We reject the father's argument that Supreme Court abused its discretion by holding that he violated the January 2016 order. Initially, the father waived any argument that the mother's violation petition contravened Judiciary Law § 756 by failing to timely object on that basis (see Matter of Rappaport, 58 NY2d 725, 726 [1982]; Matter of Keator v Keator, 211 AD2d 987, 987-988 [1995]). Moreover, testimony from the DSS supervisor and caseworker established that, in the weeks following the January 2016 order, the father failed to complete preventative services or a mental health evaluation, sign the required releases or, more generally, cooperate with DSS. Accordingly, the record established by clear and convincing evidence that the father violated the January 2016 order (see Matter of Paul A. v Shaundell LL., 117 AD3d 1346, 1347-1348 [2014], lv dismissed and denied 24 NY3d 937 [2014]; Matter of Lindsey BB. [Ruth BB.], 72 AD3d 1162, 1163-1164 [2010]).
We similarly reject the father's assertion that the mother failed to prove a change in circumstances warranting a modification of the parties' existing custody arrangement. The same testimony evincing the father's violation of the January 2016 order — an order resolving, by stipulation, the mother's earlier petition to modify the November 2014 order — demonstrated a change in circumstances (see Matter of Perry v Leblanc, 158 AD3d 1025, 1027 [2018]; Matter of Emmanuel SS. v Thera SS., 152 AD3d 900, 901 [2017], lv denied 30 NY3d 905 [2017]). According due deference to Supreme Court's credibility determinations and considering the father's general unwillingness to communicate with the mother, his aggressive behavior towards the mother and that she was the child's primary caregiver since birth and has consistently maintained a stable and nurturing environment for the child, there is a sound and substantial basis in the record to award the mother sole custody (see Matter of Danielle TT. v Michael UU., 90 AD3d 1103, 1103-1104 [2011]; Matter of Melissa K. v Brian K., 72 AD3d 1129, 1131-1132 [2010]).
Nevertheless, we find merit in the father's contention that he was deprived of the right to counsel during the fact-finding hearing. The mother concedes that the father had a statutory right to counsel as a respondent in both the custody modification and violation proceedings (see Family Ct Act § 262). "A waiver of the right to counsel must be explicit and intentional, and the court must assure that it is made knowingly, intelligently and voluntarily" (Matter of Madison County Support Collection Unit v Feketa, 112 AD3d 1091, 1092 [2013] [internal quotation marks and citation omitted]; see Matter of David VV., 25 AD3d 882, 884 [2006]). Thus, the hearing court must "perform a searching inquiry to determine whether a party is aware of the dangers and disadvantages of proceeding without counsel, which might include inquiry into the party's age, education, occupation, previous exposure to legal procedures and other relevant factors bearing on a competent, intelligent, voluntary waiver" (Matter of Clark v Clark, 101 AD3d 1394, 1395 [2012] [internal quotation marks and citations omitted]; see Matter of Madison County Support Collection Unit v Feketa, 112 AD3d at 1093).
During the initial appearance on the mother's violation petition in February 2016, Supreme Court advised the father of his right to counsel and the father stated that he was represented, his counsel was presently unavailable and he wanted to proceed anyway. At the outset of the hearing in April 2016, the father indicated that he was now unrepresented. The hearing proceeded without the court conducting any additional inquiry, and the mother called her first two witnesses — the DSS caseworker and her supervisor — who were both subject to the [*3]father's pro se cross-examination. Immediately after the father finished questioning the second witness, the court advised him to seek counsel because he was "misconstruing . . . what the real issues are here and what's got to be done." Before the second day of the hearing, the mother filed her petition for sole custody and, during the initial appearance on that application, the court again advised the father that he should seek counsel. When the hearing resumed several months later — now concerning both of the mother's petitions — the father was represented by counsel.
Supreme Court erred by commencing the hearing without first ascertaining that the father was unequivocally waiving his right to counsel and, if so, conducting an inquiry into whether that waiver was knowingly, intelligently and voluntarily made (see Matter of Madison County Support Collection Unit v Feketa, 112 AD3d at 1093; Matter of Clark v Clark, 101 AD3d at 1395-1396; Matter of Hassig v Hassig, 34 AD3d 1089, 1091 [2006]). Although one of the two witnesses who testified while the father was pro se ultimately was recalled after the father obtained counsel, and was subjected to direct and cross-examination for a second time, the other witness — the caseworker — was not recalled and her testimony supported both of the mother's petitions. Furthermore, the violation of a party's statutory right to counsel "requires reversal, without regard to the merits of the unrepresented party's position" and, therefore, we need not consider whether the mother would have succeeded on her modification petition absent the caseworker's testimony (Matter of Dolson v Mitts, 99 AD3d 1079, 1080 [2012] [internal quotation marks and citations omitted]; accord DiBella v DiBella, 161 AD3d 1239, 1240 [2018]; see Matter of Hannah YY., 50 AD3d 1201, 1203 [2008]; compare Matter of Elijah ZZ. [Freddie ZZ.], 118 AD3d 1172, 1173-1174 [2014]).
As the father did not knowingly and intelligently waive his right to counsel, we reverse and remit for a new hearing. In light of our holding, the father's remaining contentions have been rendered academic.
Garry, P.J., Lynch, Devine and Mulvey, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.