Matter of Saber v Saccone (2021 NY Slip Op 01811)





Matter of Saber v Saccone


2021 NY Slip Op 01811


Decided on March 25, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 25, 2021

525587

[*1]In the Matter of Parvaz Ahmad Saber, Appellant,
v
Ellen T. Saccone, Respondent. (Proceeding No. 1.)
In the Matter of Ellen T. Saccone, Respondent,
v
Parvaz Ahmad Saber, Appellant. (Proceeding No. 2.) 

Calendar Date: February 9, 2021

Before: Garry, P.J., Egan Jr., Pritzker, Reynolds Fitzgerald and Colangelo, JJ.


Lisa A. Burgess, Indian Lake, for appellant.
Essex County Department of Social Services, Elizabethtown (David D. Scaglione of counsel), for respondent.



Garry, P.J.
Appeals (1) from an order of the Family Court of Essex County (Meyer, J.), entered August 17, 2017, which, among other things, dismissed petitioner's application, in proceeding No. 1 pursuant to Family Ct Act article 4, to modify a prior order of support, and (2) from an order of said court, entered October 16, 2017, which granted petitioner's application, in proceeding No. 2 pursuant to Family Ct Act article 4, to hold respondent in willful violation of a prior order of support, and committed respondent to jail for 100 days.
Parvaz Ahmad Saber (hereinafter the father) and Ellen T. Saccone (hereinafter the mother) are the parents of two children (born in 2002 and 2005). Under a 2009 child support order, the father is required to pay the mother $95 per week plus 40% of child-care expenses. In January 2016, the father commenced proceeding No. 1 seeking a downward modification of the 2009 support order. The mother later commenced proceeding No. 2 alleging that the father willfully violated the support order by failing to make regular payments and had accrued over $20,000 in arrears. Following many appearances and an April 2017 hearing on both petitions, the Support Magistrate, in separate orders, dismissed the father's modification petition for failure to prove a cause of action, found the father in willful violation of the 2009 support order, entered a money judgment in favor of the mother and recommended a suspended 100-day commitment to jail.
In an August 2017 order, Family Court denied the father's objections to the order dismissing his modification petition. Before the confirmation hearing on the willful violation finding, Family Court granted the father's application to have his assigned counsel relieved, but advised the father that no further counsel would be assigned to him and he would have to retain counsel or represent himself. Despite stating that he would retain counsel, the father thereafter appeared without counsel at the confirmation hearing. In an October 2017 order, Family Court confirmed the willful violation finding, imposed a 100-day jail commitment without suspension and set a purge amount of $24,700. The father appeals from the August 2017 and October 2017 orders.
Pursuant to Family Ct Act § 451 (3), a court may modify a child support order where, since the entry of that order, there has been a substantial change in circumstances, three years have passed or either party's gross income has changed by 15% or more (see Matter of Siouffi v Siouffi, 186 AD3d 1789, 1790 [2020], lv dismissed and denied 36 NY3d 1042 [2021]). The latter two grounds are unavailable where, as here, the order at issue was entered prior to the 2010 enactment of the statutory provision creating those grounds (see L 2010, ch 182, § 13; Matter of Baltes v Smith, 111 AD3d 1072, 1073-1074 [2013]). Here, "the father bore the burden of showing a substantial change in circumstances warranting a downward modification of his child support obligation"[*2](Matter of Siouffi v Siouffi, 186 AD3d at 1790). "The determination of whether there has been a substantial change in circumstances requires that the court compare the petitioner's financial circumstances at the time of the previous order with his or her financial circumstances at the time of his or her application for modification so as to determine an ability to provide support" (Matter of Jeffers v Jeffers, 133 AD3d 1139, 1140 [2015] [internal quotation marks, brackets and citations omitted]; see Matter of Freedman v Horike, 68 AD3d 1205, 1206 [2009], lv dismissed and denied 14 NY3d 811 [2010]; Matter of Heyn v Burr, 6 AD3d 781, 782 [2004]).
The father testified that he has been unemployed since late 2010, was denied unemployment insurance and, since then, has earned only a few hundred dollars in each of two years. He and his family were evicted from their apartment and have been approved for public assistance, but they have only accepted public health insurance benefits. The father testified regarding his efforts to obtain employment in his field, albeit with few direct contacts and only within a limited realm, including none in minimum wage employment. He stated that the only money he had earned in the prior four years was through a marketing opportunity created by a friend. The father's wife owns a store, in which he has a 0.5% ownership interest, and the family now lives in the basement of that business, but the father testified that he has nothing to do with the store and never works at the counter; he later testified that he sometimes delivers documents for the business because his culture does not allow his wife to deal with men outside their family. He had not applied for disability benefits, despite his testimony that he suffered joint pain that prevented him from doing many activities — including driving, sitting or standing for more than a few minutes — and there was no admissible medical proof submitted to support these claims.
The Support Magistrate found much of the father's testimony incredible, including his lack of involvement with his wife's store, especially considering his testimony that he spends all day and night in the basement trying to find a job. We find no error in the Support Magistrate's refusal to admit into evidence the medical records proffered by the father, as they lacked the required certification or authentication (see CPLR 4518 [c]; Matter of Columbia County Support Collection Unit v Demers, 29 AD3d 1092, 1093 [2006], lv denied 7 NY3d 708 [2006]). According deference to the credibility determinations of the Support Magistrate and Family Court, including that the father did not engage in diligent efforts to obtain employment and failed to present competent medical proof of his inability to work (see Matter of Vickery v Vickery, 63 AD3d 1220, 1221 [2009]; Matter of Rosalind EE. v William EE., 4 AD3d 629, 630 [2004], lv denied 3 NY3d 606 [2004]), Family Court properly dismissed the father's modification [*3]petition (see Matter of Freedman v Horike, 68 AD3d at 1207; Matter of Bianchi v Breakell, 48 AD3d 1000, 1003 [2008]).
The father further contends that Family Court violated his right to counsel at the confirmation hearing. An indigent person accused of a willful violation of a prior support order has the right to assigned counsel (see Family Ct Act § 262 [a] [vi]; Matter of Clark v Clark, 101 AD3d 1394, 1395 [2012]), although "'this entitlement does not encompass the right to counsel of one's own choosing'" (Matter of Tarnai v Buchbinder, 132 AD3d 884, 886 [2015], quoting People v Porto, 16 NY3d 93, 99 [2010]). Whether to grant substitution of counsel or an adjournment to obtain or consult with counsel falls within the discretion of the court, upon good cause shown (see Matter of Lillian SS. [Brian SS.], 146 AD3d 1088, 1093-1094 [2017], lvs denied 29 NY3d 919, 992 [2017]; Matter of Tarnai v Buchbinder, 132 AD3d at 886). Such determinations "are necessarily case-specific," and courts consider, among other things, "the timing of the request, its effect on the progress of the case and whether present counsel will likely provide meaningful assistance" (Matter of Lillian SS. [Brian SS.], 146 AD3d at 1093 [internal quotation marks, ellipses and citation omitted]).
"A party to a Family Court proceeding who has the right to be represented by counsel may only proceed without counsel if that party has validly waived his or her right to representation" (Matter of Tarnai v Buchbinder, 132 AD3d at 886 [citations omitted]). "Waiver of that right must be explicit and intentional, and the court must assure that it is made knowingly, intelligently and voluntarily. This requires that the trial court perform a searching inquiry to determine whether a party is aware of the dangers and disadvantages of proceeding without counsel, which might include inquiry into the party's age, education, occupation, previous exposure to legal procedures and other relevant factors bearing on a competent, intelligent, voluntary waiver" (Matter of Clark v Clark, 101 AD3d at 1395 [internal quotation marks and citations omitted]; see Matter of Angela H. v St. Lawrence County Dept. of Social Servs., 180 AD3d 1143, 1145 [2020]; Matter of Ryan v Alexander, 133 AD3d 605, 606 [2015]).
Here, Family Court — apparently referring not only to these two proceedings but to prior support proceedings and ongoing custody proceedings between the parties — noted that the father had been represented by seven different attorneys, including four assigned by the court. When the father requested that his last assigned counsel be relieved, counsel stated that he was willing to continue his representation or operate as standby counsel. The court refused this offer, declaring that such an arrangement cannot exist in Family Court. Counsel was relieved, and the court asked the father if he wished to represent himself in the case; he replied that he would "retain an attorney from Brooklyn." The court [*4]then advised the father that he would not be entitled to another assigned attorney and that he would not receive an adjournment of the scheduled confirmation hearing, warning that he would have to appear on his own behalf if he did not retain new counsel. At the beginning of the confirmation hearing, the father appeared without counsel and stated that he would represent himself if the court would allow him to do so.
Family Court did not abuse its discretion in refusing to assign new counsel, having verified the lack of a genuine basis for relieving counsel through inquiries of both the father and counsel (see Matter of Lillian SS. [Brian SS.], 146 AD3d at 1093; Matter of Ashley JJ., 226 AD2d 783, 785 [1996]). However, although the court warned the father that he would have to proceed even if he failed to retain counsel, we cannot find that it conducted the requisite searching inquiry to be reasonably certain that he "understood the dangers and disadvantages of giving up the fundamental right of counsel" (Matter of Stephen Daniel A. [Sandra M.], 87 AD3d 735, 737 [2011]; see Matter of Hensley v DeMun, 163 AD3d 1100, 1102-1103 [2018]; Matter of Madison County Support Collection Unit v Feketa, 112 AD3d 1091, 1093 [2013]; compare Martinez v Gomez-Munoz, 154 AD3d 1085, 1086 [2017]; Matter of Anthony K., 11 AD3d 748, 750 [2004]). Although we note that it is possible to establish a waiver by reference to all the relevant circumstances, even in the absence of an explicit colloquy (see Matter of Adams v Bracci, 61 AD3d 1065, 1066 [2009], lv denied 12 NY3d 712 [2009]), this record fails to establish a waiver.
English is not the father's first language. Although he had appeared in Family Court many times, he had been chastised for failing to appreciate the role of counsel, and the court had noted that his prior pro se submissions were inappropriate or inadequate (see Matter of Madison County Support Collection Unit v Feketa, 112 AD3d at 1093). Moreover, there was a critical error in holding that the discharged counsel could not be allowed to remain as standby counsel (compare Matter of Angela H. v St. Lawrence County Dept. of Social Servs., 180 AD3d at 1145; Matter of Lillian SS. [Brian SS.], 146 AD3d at 1094; Matter of Ryan v Alexander, 133 AD3d at 606; Matter of Stephen Daniel A. [Sandra M.], 87 AD3d at 736-737). For these reasons, although the father's request to represent himself was unequivocal, we cannot find that the waiver of his right to counsel at the confirmation hearing was voluntary, knowing and intelligent, based upon the court's failure to make an appropriate warning of the dangers of so proceeding, coupled with the refusal to allow counsel to remain on standby (see Matter of Hensley v DeMun, 163 AD3d at 1102-1103; Matter of Madison County Support Collection Unit v Feketa, 112 AD3d at 1093; see also Matter of St. Denis v St. Denis, 1 AD3d 369, 369-370 [2003]; compare Matter of Lillian SS. [Brian SS.], 146 AD3d at 1094-1095).
As a practical [*5]matter — particularly as we find no error in the dismissal of the father's modification petition and he has apparently fulfilled the sanction imposed by Family Court [FN1] — there appears to be little purpose in remitting the matter to Family Court at this juncture for the requisite "searching inquiry" to determine whether the father would knowingly, intelligently and voluntarily waive his right to counsel for a confirmation hearing (see e.g. Matter of State of New York v Kenneth II., 190 AD3d 33, 48 [2020]; People v Vandegrift, 170 AD3d 1327, 1329 [2019]; People v Wilson, 164 AD3d 1012, 1021 [2018]; Matter of Sutton v Mundy, 24 AD3d 1128, 1129 [2005]; Matter of Commissioner of Social Servs. of Rensselaer County [Faresta] v Faresta, 11 AD3d 750, 753 [2004]; People v Edwards, 271 AD2d 812, 812-813 [2000]). Instead, in light of the particular circumstances in this matter, we grant relief upon the appeal by affirming the finding of a violation of the child support order but vacating the finding of willfulness; this protects the father's rights by eliminating the need for a confirmation hearing and obviating the potential future prejudice that may arise from a willfulness finding, while upholding the enforcement of the child support order (see Matter of Commissioner of Social Servs. of Rensselaer County [Faresta] v Faresta, 11 AD3d at 751 [noting that, after the parent paid child support arrears, Family Court vacated a prior finding of a willful violation]; see also Matter of Ferratella v Thomas, 173 AD3d 1834, 1836 [2019]; compare Matter of Madison County Support Collection Unit v Feketa, 112 AD3d at 1093).
Egan Jr., Pritzker, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the order entered August 17, 2017 is affirmed, without costs.
ORDERED that the order entered October 16, 2017 is modified, on the law and the facts, without costs, by vacating the finding of willfulness; and, as so modified, affirmed.



Footnotes

Footnote 1: The mother's brief asserts that the father paid the purge amount and was released from jail after serving only a few days. In his brief, the father asserts that he has "fully served his sanction"; it is unclear whether that means that he served the full term of incarceration or that he paid the purge amount. Either way, both parties appear to concede that his sanction has been fulfilled.