Matter of Darling v Darling (2024 NY Slip Op 01963)

Matter of Darling v Darling

2024 NY Slip Op 01963

Decided on April 11, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 11, 2024

CV-23-0055
[*1]In the Matter of Nelson C. Darling III, Appellant,
v
Penelope L. Darling, Respondent. (And Another Related Proceeding.)

Calendar Date:February 16, 2024

Before:Egan Jr., J.P., Clark, Lynch, McShan and Powers, JJ.

Nelson C. Darling III, Wynantskill, appellant pro se.

McShan, J.
Appeal from an order of the Family Court of Rensselaer County (Jill A. Kehn, J.), entered December 28, 2022, which, in two proceedings pursuant to Family Ct Act article 4, denied petitioner's objections to an order of a Support Magistrate.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the divorced parents of one dependent child (born in 2004) over whom they share joint custody. In March 2020, the father petitioned for modification of an April 2019 order of support, after he was terminated from his prior employment. Thereafter, in September 2021, the parties stipulated to a reduction in the father's basic child support obligation. After being laid off from a subsequently obtained job, the father filed a petition in May 2022 seeking modification of the September 2021 support order due to a "substantial and unanticipated change [in] circumstances." The father requested that his support payments be suspended until such time as he could find replacement employment, and that the mother be required to pay him support for the child. The father amended his petition in July 2022, noting that in addition to his unemployment he sustained a "temporary medical emergency" which rendered him unable to work for an extended period of time. Following a fact-finding hearing held in October 2022, the Support Magistrate (Corona, S.M.), dismissed the petitions, finding that the father had failed to demonstrate sufficient efforts at obtaining employment. Further, the Support Magistrate determined that the father had failed to demonstrate, through competent medical evidence, that he was unable to work or was restricted to only pursuing remote employment due to his injury. Thereafter, the father filed several objections to the order of dismissal, asserting, among other things, that the Support Magistrate failed to adequately consider his involuntary loss of employment, his efforts at seeking employment and the effect of his injury on his ability to work. Family Court denied the father's objections, finding that there was no abuse of discretion by the Support Magistrate in dismissing the petitions. The father appeals from that order.[FN1]
We affirm. As relevant here, "[t]he court may modify an order of child support . . . upon a showing of a substantial change in circumstances" or based upon "a change in either party's gross income by [15%] or more since the order was entered, last modified, or adjusted" (Family Ct Act § 451 [3] [a], [b] [ii]; see Matter of Christopher C. v Kimberly C., 177 AD3d 1129, 1129 [3d Dept 2019]). "Whether based upon an alleged change in circumstances or a purported decrease in income of at least 15%, the parent seeking a downward modification of a child support obligation must submit competent proof that the decrease in income occurred through no fault of the parent and the parent has diligently sought re-employment commensurate with his or her earning capacity" (Matter of Bonanno v Bonanno, 222 AD3d 863, 864 [2d Dept [*2]2023] [citations omitted]; see Matter of Siouffi v Siouffi, 186 AD3d 1789, 1791 [3d Dept 2020], lv dismissed & denied 36 NY3d 1042 [2021]; Matter of Christopher C. v Kimberly C., 177 AD3d at 1129). "In conducting our review, we accord the appropriate deference to the credibility determinations of the Support Magistrate and Family Court" (Matter of Valvo v Valvo, 218 AD3d 909, 911 [3d Dept 2023] [citations omitted]).
As to the reduction in income, we note that the father's petitions seek modification of the September 2021 support order entered on consent. That order expressly provided that the father was unemployed at the time and receiving unemployment benefits. To that end, Family Court was required to compare the father's circumstances as of that date to his circumstances at the time of the petition (see Matter of Saber v Saccone, 192 AD3d 1400, 1401 [3d Dept 2021], lvs denied 37 NY3d 909 [2021], 37 NY3d 909 [2021]; Matter of Jeffers v Jeffers, 133 AD3d 1139, 1140 [3d Dept 2015]; Cynoske v Cynoske, 8 AD3d 720, 722-723 [3d Dept 2004]). Thus, the father's subsequent loss of employment after the September 2021 stipulated order did not support a change in circumstance, as his unemployed status was essentially the same as it was when the parties stipulated to a reduced payment (see generally Matter of Van Buren v Burnett, 58 AD3d 900, 902 [3d Dept 2009]). Moreover, beyond the father's bare representation concerning the amount of his unemployment benefits, the record is devoid of any evidence that would definitively establish that there was a 15% decrease in income since that time (see Matter of Spaights v Muller, 147 AD3d 768, 769 [2d Dept 2017]; see also Matter of Hall v Pancho, 191 AD3d 670, 673 [2d Dept 2021]).[FN2] In any event, assuming that the father's involuntary loss of employment and purported reduction in income could support the modification petition, the record supports the Support Magistrate's determination that the father's limited proof of his employment search was insufficient to establish that he had undertaken diligent efforts at obtaining suitable employment commensurate with his skills and abilities (see Matter of Durand v Pierre-Louis, 205 AD3d 806, 807 [2d Dept 2022]; Matter of Saber v Saccone, 192 AD3d at 1402; Matter of Addimando v Huerta, 147 AD3d 750, 752 [2d Dept 2017]; compare Matter of Fanizzi v Delforte-Fanizzi, 164 AD3d 1653, 1654 [4th Dept 2018]).
We also find no justification for disturbing the Support Magistrate's determination that the father failed to show a significant change in circumstances by virtue of the leg injury he suffered while unemployed. The father submitted a brief note from his medical provider indicating that he was excused from work for approximately four months as of July 2022. However, neither that note, nor any other proof in the record, established that the father's leg injury prevented him from obtaining any suitable employment based upon his background as an accountant or that his self-imposed [*3]limitation in solely pursuing remote work opportunities was medically indicated (see Matter of Amanda T. v Erick Z., 140 AD3d 529, 529 [1st Dept 2016]; Matter of Mikhlin v Giuffrida, 119 AD3d 692, 693 [2d Dept 2014]; see also Matter of Jean-Baptiste v Jean-Baptiste, 207 AD3d 630, 631 [2d Dept 2022]). Altogether, paying the appropriate deference to the credibility determinations of the Support Magistrate and Family Court, we find that the father's modification petitions were properly dismissed (see Matter of Saber v Saccone, 192 AD3d at 1402). Finally, we find no merit to the father's claims of bias on the part of the Support Magistrate (see Matter of Cadle v Hill, 23 AD3d 652, 653 [2d Dept 2005]), and his contention concerning the designation of the noncustodial parent for child support purposes has been rendered academic by our decision. The father's remaining contentions have been considered and found to lack merit.
Egan Jr., J.P., Clark, Lynch and Powers, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: The mother did not submit a brief in this appeal.

Footnote 2: The record establishes that the father was receiving unemployment insurance benefits at the time of his initial petition and amended petition.