Matter of Carlene R. v Heather A.
2026 NY Slip Op 04015
June 25, 2026
Appellate Division, Third Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Carlene R., Respondent,
v
Heather A., Appellant.

Decided and Entered:June 25, 2026
CV-24-2085
Calendar Date: May 12, 2026
Before: Garry, P.J., Pritzker, Reynolds Fitzgerald, Powers And Corcoran, JJ.

Lisa K. Miller, McGraw, for appellant.
Marian J. Cerio, Canastota, for respondent.
Christopher Hammond, Cooperstown, for Ryan ZZ.
Bryn Lovejoy-Grinnell, Syracuse, attorney for the child.

[*1]
Pritzker, J.
Appeal from an order of the Family Court of Madison County (Rhonda Youngs, J.), entered November 15, 2024, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for visitation with respondent's child.
Petitioner (hereinafter the grandmother) is the maternal grandmother and respondent (hereinafter the mother) is the mother of the subject child (born in 2020). In August 2024, the grandmother filed an amended petition seeking visitation with the child.FN1 After a fact-finding hearing, Family Court granted the grandmother biweekly, supervised visitation with the child at a public location. The mother appeals.FN2FN3
The mother first argues that Family Court erred when it deprived her of her right to counsel during the proceeding. We agree. Pursuant to Family Ct Act § 262 (a), respondents in visitation proceedings have a right to be represented by counsel and, if they are financially unable to obtain counsel, have the right to have counsel assigned by the court (see Matter of Samuel v Samuel, 33 AD3d 1010, 1010-1011 [2d Dept 2006]; Matter of Wilson v Bennett, 282 AD2d 933, 934 [3d Dept 2001]). "A waiver of the right to counsel must be explicit and intentional, and the court must assure that it is made knowingly, intelligently and voluntarily" (Matter of Hensley v DeMun, 163 AD3d 1100, 1102 [3d Dept 2018] [internal quotation marks and citations omitted]; see Matter of Saber v Saccone, 192 AD3d 1400, 1402 [3d Dept 2021], lv denied 37 NY3d 909 [2021]). "This requires that the trial court perform a searching inquiry to determine whether a party is aware of the dangers and disadvantages of proceeding without counsel" (Matter of Clark v Clark, 101 AD3d 1394, 1395 [3d Dept 2012] [internal quotation marks and citations omitted]; see Matter of Saber v Saccone, 192 AD3d at 1403). "The deprivation of a party's statutory right to counsel requires reversal, without regard to the merits of the unrepresented party's position" (DiBella v DiBella, 161 AD3d 1239, 1240 [3d Dept 2018] [internal quotation marks and citations omitted]; see Matter of Renee S. v Heather U., 195 AD3d 1170, 1172 [3d Dept 2021]).
Here, at the first appearance on the grandmother's visitation petition, the mother was represented by assigned counsel. Midway through the hearing, after the grandmother put on her direct case and was cross-examined, the mother's assigned counsel filed a motion seeking to be relieved. The mother stated that she had also filed a motion requesting that assigned counsel "recuse herself." After relieving the attorney, Family Court entered a temporary order granting the grandmother biweekly supervised visits with the child. At the next court appearance, the mother appeared with her second assigned attorney.FN4 The matter was adjourned for a continuation of the hearing. Prior to the adjourned date, the parties appeared in court due to the second assigned attorney having filed a motion seeking to withdraw as the mother's attorney of record. The [*2]mother filed an affidavit opposing the motion. The second assigned attorney stated that if the court were to make him stay on, he "might just retire." The court asked the mother for her position as the court was not going to assign her another attorney, and she stated that she could not afford to hire an attorney. When the court informed the second assigned attorney that it was not inclined to grant his motion, the attorney again threatened to retire. The court then granted the second assigned attorney's motion, despite "not [being] aware of [the second assigned attorney's] reasonings here" as the court "[did not] feel [the second assigned attorney] adequately put them [forth]."FN5 The court stated that it was granting the motion "with the understanding that [the mother] will not be assigned new counsel" and that the matter was "proceeding to trial whether she [did retain counsel] or not."
Less than a month later, the parties appeared for the scheduled hearing date. The mother appeared pro se, which Family Court stated was "because [she] may have a misunderstanding of how an attorney-client relationship works" and because "being a rural county, with a short assigned counsel list . . . [we have] come to the end of the free attorneys." The mother requested representation, informing the court that this was her "legal right" and that an appellate court had assigned her an attorney in conjunction with an appeal she filed. The court denied her request. The mother asked for an adjournment so she could prepare to represent herself and ask her appellate attorney how to proceed. The court denied this request. The court continuously told the mother that she had to proceed and that she had chosen to proceed pro se, and the mother repeatedly stated that she did not know how to proceed. The court informed her that if she did not proceed it would grant the visitation petition. Ultimately, the mother did not put on any proof and the court made the temporary order granting the grandmother biweekly supervised visitation into a final order.
"Here, the record is clear that the mother did not wish to proceed pro se, but was forced to do so" (Matter of Pugh v Pugh, 125 AD3d 663, 664 [2d Dept 2015]); as such, "the record . . . does not indicate that [she] made a knowing and intelligent waiver of [her] rights to be represented by counsel" (Matter of Broome County Dept. of Social Servs. v Basa, 56 AD3d 1092, 1094 [3d Dept 2008]; see Matter of Saber v Saccone, 192 AD3d at 1403). It appears from the record that Family Court determined that the mother had forfeited her right to counsel. Indeed, "[a] litigant may forfeit the right to assigned counsel through a persistent pattern of threatening, abusive, obstreperous, and uncooperative behavior with successive assigned counsel" (Matter of Veronica LL. v Ethan LL., 248 AD3d 1528, 1530 [3d Dept 2026] [internal quotation marks and citations omitted]; see Matter of Carilyn S. [Anonymous] v Theresa S. [Anonymous], 248 AD3d 1256, 1257[*3][2d Dept 2026]). However, such a forfeiture is an "extreme, last-resort" based upon "egregious conduct by a [respondent]" (People v Shanks, 37 NY3d 244, 253 [2021] [internal quotation marks, brackets and citation omitted]; see Matter of Veronica LL. v Ethan LL., 248 AD3d at 1530). Simply put, while we are certainly mindful of the difficult position Family Court was in, "the record fails to clearly reflect that the mother engaged in the sort of egregious conduct that would justify a finding that she forfeited her right to assigned counsel" (Matter of Sa'Nai F.B.M.A. [Chaniece T.], 232 AD3d 597, 599 [2d Dept 2024]; see People v Shanks, 37 NY3d at 254-255; compare Matter of Veronica LL. v Ethan LL., 248 AD3d at 1530-1531). Nor does the record support the assertion by the grandmother and the attorney for the child on appeal that the mother's request for another assigned attorney was "only a delaying tactic" (Matter of Leslie QQ. v Daniel RR., 232 AD3d 1086, 1092 [3d Dept 2024]; compare Matter of Lillian SS. [Brian SS.], 146 AD3d 1088, 1094-1095 [3d Dept 2017], lv denied 29 NY3d 992 [2017]). Accordingly, "[t]he deprivation of the mother's fundamental right to counsel requires reversal, without regard to the merits of her position, especially where, as here, the record demonstrates that the mother did not have a basic understanding of court proceedings" (Matter of Pugh v Pugh, 125 AD3d at 664 [internal citation omitted]; see Matter of Nixon v Christian, 130 AD3d 831, 832 [2d Dept 2015]).FN6
Garry, P.J., Reynolds Fitzgerald, Powers and Corcoran, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Madison County for further proceedings not inconsistent with this Court's decision.

Footnotes

Footnote 1
The grandmother's initial petition was filed in October 2023 and later dismissed after the amended petition was filed.

Footnote 2
The mother filed three prior notices of appeal stemming from interlocutory orders issued during the pendency of the fact-finding hearing. Although the interlocutory appeals are rendered moot by issuance of the final order, issues regarding these interlocutory orders can be raised on this appeal (see Matter of Ameillia RR. [Megan SS.-Jered RR.], 112 AD3d 1083, 1083 n 1 [3d Dept 2013]).

Footnote 3
This Court granted a stay pending the appeal of this order.

Footnote 4
Family Court, the grandmother and the attorney for the child refer to this attorney as the mother's third assigned attorney. Although technically correct as the record reveals that the court did assign another attorney to represent the mother, this other assigned attorney never appeared on the mother's behalf. Prior to any appearance, the second assigned attorney advised the court that "he had spoken independently with the [mother] and she would like him to represent her as assigned counsel, and he would accept such an assignment."

Footnote 5
Family Court did not make any inquiry into whether the second assigned attorney had "good and sufficient cause for such withdrawal" (Matter of Richard TT. [Kara VV.], 223 AD3d 1070, 1072 [3d Dept 2024], appeal dismissed 41 NY3d 989 [2024]).

Footnote 6
The father initially appeared as a respondent on the grandmother's petition but was ultimately removed from the proceedings and did not receive a copy of the order on appeal. This Court appointed the father counsel and provided a copy of said order. As the father did not appeal, we need not address his removal from the proceeding. We have learned that, while the matter has been pending on appeal, the father has been awarded temporary custody. We take this opportunity to remind Family Court that, upon remittal, the father must be given notice of the proceedings.